Lawrence SMALL, Movant,

v.

STATE of Missouri, Respondent.

No. 44886.

Missouri Court of Appeals,
Eastern District, Division Three.

Feb. 1, 1983.

I.I. Lamke, Washington, for movant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, Walter

Murray, Jr., Pros. Atty., Union, for respondent.

REINHARD, Judge.

Movant appeals from the trial court's denial of his Rule 27.26 motion without an evidentiary hearing. We affirm.

Movant was charged with one count of statutory rape, a violation of § 559.260, RSMo. 1969, and an unspecified companion charge. On April 9, 1980, he entered an *Alford* plea of guilty to the offense of statutory rape and the state dismissed the other charge. On May 20, 1980, the court sentenced movant to fifteen years with the Department of Corrections.

In movant's amended motion, he alleges that his plea was involuntary because his attorney erroneously led him to believe an *Alford*[1] plea "to be a lesser guilty plea and at no time believed it to be a complete guilty plea." He also alleged his attorney provided ineffective assistance because he failed to file a motion to withdraw the guilty plea.

 The trial court filed findings of fact and conclusions of law and denied movant's motion, without an evidentiary hearing. Our review is limited to a determination of whether the findings, conclusions and judgment are clearly erroneous. *Jenkins v. State,* 637 S.W.2d 808, 809 (Mo.App. 1982); Rule 27.26(j). Movant is entitled to an evidentiary hearing if the motion alleges facts, not conclusions, which are not refuted by the files and records in the case and which, if true, entitle him to relief. *Kearns v. State,* 583 S.W.2d 748, 750 (Mo.App.1979).

On the morning of trial, movant's attorney stated that his client wished to withdraw his plea of not guilty and enter an Alford plea of guilty. The following conversation between the judge and movant occurred:

THE COURT: This Court would take an Alfred [sic] Plea to mean only: "I am pleading guilty because it is in my best interest to plead guilty for some reason or another, rather than go through the ordeal of a trial." Even if deep down he believes he is not guilty he is telling me that he would rather take the consequences. Is that—as you see it, Mr. Small?

THE DEFENDANT: Yeah, I figured the State would put my daughter through all this hell—

THE COURT: Go ahead.

THE DEFENDANT: Through all this rackarue, it's better for her. Because she's going to have a hell of a life to live out there anyway. And she—I'm thinking about her.

THE COURT: Mr. Small, are you doing this of your own free will?

THE DEFENDANT: Yes, sir.

THE COURT: Anybody threaten you to get you to plead guilty?

THE DEFENDANT: No, Sir.

THE COURT: Did anybody promise you anything to get you to plead guilty?

THE DEFENDANT: No, sir, I thought about this quite a bit myself—

Later, the following colloquy took place:

THE COURT: Mr. Landolt, if this were to go to trial what is it you believe that the State could prove?

MR. LANDOLT: Your Honor, the State would prove beyond a reasonable doubt that on or about the 8th day of July, 1978, this Defendant had sexual intercourse with his daughter, Felicia Small, who at that time was under the age of sixteen years.

THE COURT: And you believe, or we wouldn't be here, that the State could prove that?

MR. LANDOLT: Absolutely, Judge.

THE COURT: Mr. Small—

THE DEFENDANT: Yes.

THE COURT: Just thinking again over everything Mr. Brown just said, do you still wish to plead guilty?

THE DEFENDANT: Yes, sir.

1. The origin of the label, "Alford plea," stems from *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), in which the defendant pleaded guilty even though he proclaimed his innocence during the plea proceedings.

Defendant contends he was misled as to the nature of the plea he entered. His allegation, though, must be tested by whether his belief, by which he claims to have been misled, was reasonable. *Chapman v. State*, 641 S.W.2d 428, 429 (Mo.App. 1982). Otherwise, as the Supreme Court stated in *McMahon v. State*, 569 S.W.2d 753, 758 (Mo. banc 1978):

[T]he granting of every 27.26 motion would be automatic upon the movant's assertion that his guilty plea resulted from a subjectively mistaken belief. The test to be applied must be viewed in the light of the reasonableness of the claimed belief. Where there is no reasonable basis for the belief in light of the guilty plea record, movant is not entitled to relief.

In the present case, movant did not expressly admit that he committed the offense. Indeed, according to his attorney, movant considered himself innocent. A plea of guilty, however, may be knowingly and voluntarily entered even though the accused does not make an express admission of guilt. *Howard v. State*, 627 S.W.2d 643, 645 (Mo.App.1981). Moreover, even if the accused maintains his innocence so long as the plea of guilty represents a voluntary choice of alternatives available to him at the time, according to his conception of his own best interests it is not involuntary. *Robinson v. State*, 482 S.W.2d 492, 494–95 (Mo.1972); *Hayes v. State*, 501 S.W.2d 508, 512 (Mo.App.1973).

Missouri courts have held an Alford plea of guilty to be a voluntary plea of guilty. *Bounds v. State*, 556 S.W.2d 497 (Mo.App. 1977). *See Lewis v. State*, 539 S.W.2d 578 (Mo.App.1976) (movant's plea of guilty to second degree robbery was voluntary, even though he maintained it was done in self-defense).

Neither the trial judge's nor his attorney's characterization of the *Alford* plea was misleading. Based upon our review of the record, it is evident that movant's plea of guilty was a voluntary choice based on the alternatives available to him at the time of the plea proceedings. There is no reasonable basis upon this record for the movant's claimed belief he did not understand the plea.

There was a factual basis for the guilty plea. Movant, under oath, acknowledged he was waiving his rights to a jury trial, to call witnesses on his own behalf, and that the state, in a trial, had to prove him guilty beyond a reasonable doubt. He stated that he was satisfied with his attorney's services. He also acknowledged he understood the maximum penalty; that the prosecutor would oppose probation; and that the sentence would be "up to" the judge. His attorney stated he told his client he would probably receive the maximum sentence of 15 years. Upon this record, neither his attorney nor the trial court could have done more to insure that movant's plea of guilty was entered voluntarily and with full knowledge of its consequences. The transcript of the plea proceedings absolutely refutes movant's contentions that he did not understand the *Alford* plea or the proceedings.

Having resolved that movant's plea was voluntary, we also conclude there is no merit to his claim that counsel was ineffective in failing to file a motion to withdraw his guilty plea.

As to movant's remaining claim on appeal that his counsel was ineffective for failing to advise him of his right to remain silent at a trial, it is being raised for the first time on appeal. Consequently, this point is not preserved for review. *Maggard v. State*, 471 S.W.2d 161, 162 (Mo.1971); *Moore v. State*, 624 S.W.2d 520, 522–23 (Mo. App.1981).

Affirmed.

CRANDALL, P.J., and CRIST, J., concur.