HAROLD L. LOWENSTEIN, Special Judge.
Movant, Gary Wickham, pled guilty to burglary and leaving the scene of an accident under § 569.160,[1] and § 577.060. He was placed on probation for five years. After twice violating the probation terms, he was sentenced by the court to fifteen years for the burglary charge and five years for leaving the scene of an accident. The sentences were imposed consecutively. Wickham filed a motion for post-conviction relief under Rule 27.26. The trial court denied the motion and Wickham appeals stating, (1) there was no factual basis for his guilty plea; (2) the plea was not knowingly and voluntarily entered; and (3) the sentence is cruel and unusual punishment in that it was imposed because Wickham is an alcoholic. Affirmed.
Movant’s first two points concerning his guilty plea will be considered together. The record shows Wickham pled guilty in exchange for the prosecutor’s recommendation that the sentence on both charges be suspended with Wickham placed on probation for five years. The probation terms prohibited Wickham from drinking or possessing alcohol. He was also prohibited from driving a motor vehicle other than to and from work. Wick-ham is an alcoholic and has a history of antisocial behavior precipitated by his alcoholism. He admitted he was intoxicated when the crimes occurred. At the sentencing hearing, the court explained the charges and questioned Wickham at great length about each. Wickham stated he understood the charges and the ranges of punishment that could be imposed. He admitted he left the scene of an accident and admitted he knowingly and unlawfully entered a private residence. Wickham did say he did not remember assaulting a resident of the trailer home he broke into. This minor equivocation cannot vitiate Wickham’s other admissions in response to the extensive explanations and questioning by the court. The record shows there was an overwhelming factual basis for the plea. State ex rel. O’Blennis v. Adolf, 691 S.W.2d 498, 503 (Mo.App.1985); Row v. State, 680 S.W.2d 418, 419 (Mo.App.1984); Rule 24.02(e). The record also reveals that Wickham knowingly and voluntarily pled guilty. Wickham states he “merely acquiesced” to the plea so he could keep his driving privileges. Wickham’s motivations for pleading guilty are not the issue. While a generous plea bargain may give a defendant an incentive to plead guilty, it does not affect the knowing and voluntary nature of the plea.
Indeed, acceptance of the basic legitimacy of plea bargaining necessarily implied rejection of any notion that a guilty plea is involuntary in a constitutional sense simply because it is the end result of the bargaining process.
Bordenkircher v. Hayes, 434 U.S. 357, 363, 98 S.Ct. 663, 668, 54 L.Ed.2d 604, 611 (1978). Most importantly, Wickham admitted he committed the crimes and said his plea was the result of his being guilty of the offenses. The first two points are denied.
Wickham’s last point is that the sentence he received was cruel and unusual punishment because it was based on his alcoholism instead of his criminal acts. An examination of the record shows this argument is unfounded. The terms of Wick-ham’s probation included a prohibition on drinking or possessing alcohol and operating a motor vehicle other than to and from his job. The trial court told Wickham that he would face imprisonment if he did not abide by the probation terms. Nevertheless, five months later Wickham violated the terms of his probation. The evidence *795 at the probation revocation hearing shows Wickham consumed alcohol, caused property damage and drove a motor vehicle other than to and from work. The court then gave Wickham two choices. He could receive two consecutive five year sentences or accept probation again and be sentenced to five and fifteen years if he violated the probation. After conferring with his relatives Wickham chose probation. The trial court made it clear that a second probation violation would result in imposition of the twenty year sentence. The court also ordered Wickham to receive antibuse and undergo alcoholism treatment. Six months later, Wickham again violated his probation by consuming alcchol. The court then revoked probation and sentenced Wickham to a total of twenty years imprisonment. Wickham now claims the sentence was cruel and unusual punishment because it was imposed due to his alcoholism.
Wickham’s sentence was within the statutory limit for burglary and leaving the scene of an accident. § 558.011. Punishment within statutory limits is not cruel and unusual unless it is so disproportionate under the circumstances that it shocks the moral sense of all reasonable men. State v. Whitehead, 675 S.W.2d 939, 943 (Mo. App.1984); State v. Walker, 618 S.W.2d 43, 44 (Mo.App.1981). Here, the alcohol prohibition was necessarily a condition of probation since Wickham’s alcoholism caused his criminal behavior. Wickham was twice warned that a probation violation would result in his imprisonment. Nevertheless, Wickham did not successfully complete an alcohol treatment program, drank alcohol and operated a motor vehicle other than to and from work. Given these circumstances, the twenty year sentence is not cruel and unusual punishment. Sincup v. Blackwell, 608 S.W.2d 389, 392 (Mo. banc 1980).
The motion court’s decision to deny Wickham’s request for relief under Rule 27.26 is affirmed.
GREENE, P.J., and DOWD and PUDLOWSKI, Special Judges, concur.

. Unless otherwise indicated, all references to statutes are to RSMo 1978, V.A.M.S., and all references to rules are to Missouri Rules of Court, V.A.M.R.