**Bryan David HILTIBIDAL, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 52239.

Missouri Court of Appeals, Eastern District, Division One.

Aug. 25, 1987.

Motion for Rehearing and/or Transfer Denied Sept. 23, 1987.

Application to Transfer Denied Nov. 17, 1987.

Ilene A. Goodman, St. Louis, for appellant.

William L. Webster, Atty. Gen., Jatha B. Sadowski, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals the denial of his Rule 27.26 motion after an evidentiary hearing. The conviction sought to be vacated was for second degree murder, for which the sentence was life imprisonment.

Movant asserts his plea of guilty to second degree murder was involuntary. On March 10, 1983, movant entered an *Alford* plea of guilty to second degree murder. He had originally been charged with capital murder. He now claims his plea was involuntary and unknowing because it was based on misinformation provided by his trial counsel. He says he did not understand the consequence of an *Alford* plea in that he believed if he entered an *Alford* plea neither the court nor the people of Missouri would view him as convicted of second degree murder.

Credibility was for the Rule 27.26 trial court. Movant admitted that at the *Alford* plea hearing he answered affirmatively to questions as to whether he understood the State's recommendation was life imprisonment and whether he was satisfied that his trial attorney had advised him of his rights with respect to his guilty plea. Additionally he admitted the court advised him of his constitutional rights to a jury trial, to present evidence and against self-incrimination. He admitted he knew at the time he entered a plea he would be sentenced to life imprisonment. *See McMahon v. State*, 569 S.W.2d 753, 758 (Mo. banc 1978); *Small v. State*, 646 S.W.2d 903, 904 (Mo.App.1983); and *Bounds v. State*, 556 S.W.2d 497, 498 (Mo.App.1977).

The judgment of the Rule 27.26 trial court is based on findings of fact which are not clearly erroneous. No error of law

appears. An extended opinion would have no precedential value.

Judgment affirmed in accordance with Rule 84.16(b).

SATZ, P.J., and KELLY, J., concur.