**Ernest TURNER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 53757.**

Missouri Court of Appeals,
Eastern District,
Division One.

June 28, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 3, 1988.

Application to Transfer Denied
Sept. 13, 1988.

William J. Shaw, Public Defender, Steven R. Sallerson, Asst. Public Defender, Clayton, for appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Movant, Ernest Turner, appeals from the denial of his Rule 27.26 motion without an evidentiary hearing. Movant pled guilty to stealing over $150, RSMo § 570.030 (1986). Movant also entered *Alford* pleas to two counts of illegal sale of a schedule IV controlled substance, pentazocine, RSMo § 195.020 (1986). Movant was sentenced to seven years for stealing and ten years for each count of sale of a controlled substance. All sentences were to run concurrently. In his Rule 27.26 motion movant alleged double jeopardy, failure of the trial court to allow movant to withdraw his guilty plea, ineffective assistance of counsel, lack of a factual basis for the guilty pleas, and various incidents of undue influence and coercion which rendered his guilty plea involuntary. The motion court found that each of movant's claims were refuted by the record and concluded that the motion failed to state a proper claim for relief. The court then dismissed movant's Rule 27.26 motion without an evidentiary hear-

ing. On appeal movant argues that the motion court erred in dismissing his motion because his guilty plea had been coerced by the circumstances. We affirm.

Initially, we note the standard of review employed in evaluating movant's claim of error. Our determination is limited to whether the findings, conclusions and judgment of the motion court are clearly erroneous. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987); Rule 27.26(j). Movant is entitled to an evidentiary hearing only if the motion alleges facts, not conclusions, which are not refuted by the files and records in the case and which, if true, entitle him to relief. *Sanders v. State*, 716 S.W.2d 844, 845–46 (Mo.App., E.D.1986). We evaluate movant's claim in light of these principles.

Movant argues on appeal that his pleas of guilty had been coerced by the circumstances. Movant entered guilty pleas to the stealing charge and the sale of controlled substance charges. Movant points out that at his guilty plea hearing he asserted his innocence, *i.e.* he entered *Alford* pleas, to the sale of controlled substance charges. *See North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). Movant entered the pleas "nonpursuant" to a plea agreement. The transcript reveals that the State recommended seven years on the stealing and ten years on each of the sales of controlled substance and sought to have the sentences run consecutively. The prosecutor also informed the court that the State was opposed to the *Alford* pleas. The trial court then told the prosecutor that it was within the court's province to determine whether sentences were to run consecutively or concurrently. The trial court expressed its displeasure with the prosecutor's position regarding the *Alford* pleas and stated it would ignore the prosecutor's recommendation.

At the first sentencing hearing movant attempted to withdraw the *Alford* pleas claiming that he had newly discovered evidence to prove his innocence. The trial court denied the motion to withdraw the guilty pleas, sustained defense counsel's motion to withdraw from the case, sentenced movant to seven years on the stealing charge, and postponed sentencing on the sale of controlled substance charges. Movant has not provided us with the transcript of the second sentencing hearing. Because this transcript was not available at the time of its ruling, the motion court had the reporter's notes from the proceeding read to it. The motion court found that movant withdrew his motion to withdraw the guilty pleas after the trial court had informed movant that he would receive concurrent ten year sentences on the sale of controlled substance charges. Movant further stated on the record that he was satisfied with the performance of both his attorneys. It is under these circumstances that movant claims his guilty pleas were coerced and therefore involuntary.

The record supports movant's assertion that he maintained his innocence as to the sale of controlled substance charges. However, a guilty plea may be voluntarily entered even though the accused does not make an express admission of guilt. *Small v. State*, 646 S.W.2d 903, 905 (Mo. App., E.D.1983). A guilty plea is not involuntary, even though the accused maintains his innocence, so long as the plea represents a voluntary choice of alternatives available to him at the time, according to his own best interests. *Id.* The record clearly refutes movant's claim of coercion. The trial court extensively questioned movant at the guilty plea hearing as to the reason for his plea. Movant stated that he was pleading guilty because he had no witnesses and that it would be his word against that of the police. Movant also expressed fear that he would receive a longer sentence if he stood trial. After reviewing the record, it is evident that movant's guilty plea was a voluntary choice based upon the available alternatives.

The judgment of the motion court is affirmed.

REINHARD and CRIST, JJ., concur.