**Stuart Brent GHAN, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 71007.

Supreme Court of Missouri,
En Banc.

June 13, 1989.

Michael S. Box, Oak Grove, Jeffrey Rosanswank, Public Defender, Columbia, for appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

COVINGTON, Judge.

Stuart Brent Ghan was denied post-conviction relief under *Rule 27.26* from convictions for armed criminal action, assault in the second degree, and felonious restraint, for which he was sentenced to three years, five years, and six months, respectively. The trial court conducted an evidentiary hearing, made and entered findings of fact and conclusions of law, and entered judgment overruling appellant's motion.

On this appeal, appellant alleges that his sentence was unlawful because the sentencing court relied on an incorrect statement of law by the prosecutor, challenges the constitutionality of the armed criminal action statute, § 571.015, RSMo 1986, and contends that the department of corrections and human resources has unlawfully treated him as a class A felon. The judgment is affirmed.

Appellate review of the trial court's decision in ruling on a *Rule 27.26* proceed-

ing is expressly limited to a determination of whether the findings, conclusions, and judgment of the trial court are clearly erroneous. *Rule 27.26(j)*. The trial court's findings and conclusions are deemed clearly erroneous only if, after review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *O'Neal v. State*, 766 S.W.2d 91, 92 (Mo. banc 1989).

■ Appellant first contends that his sentence was unlawful because the sentencing court relied on an incorrect statement of the law by the prosecutor. At sentencing, the prosecutor incorrectly stated that, under Missouri statutes, appellant's sentences for assault in the second degree and armed criminal action must be served consecutively.

In his findings after the evidentiary hearing, the trial judge, who was the same trial judge who presided over appellant's sentencing, found that review of the sentencing transcript gave no indication that, in sentencing, the court relied upon the prosecutor's statement. Review of the entire record establishes that this finding was not clearly erroneous.

In appellant's remaining two points, he asserts that § 571.015 violates the principles of separation of powers, violates due process of law in that it is void for vagueness, and has been applied to him in an arbitrary manner.

In the trial court, appellant did not raise the constitutional issues that he now asserts on appeal. His motion in the trial court alleged that the general sentencing provisions of the Missouri statutes require that felony offenses defined within the criminal code be classified for sentencing purposes into one of four specified classes of felonies. Because the armed criminal action statute was not classified for sentencing, he asserted, his sentence for the offense of armed criminal action "is in violation of the laws of the State of Missouri."

■ Regardless of whether appellant properly preserved the constitutional questions, it is unnecessary to address them. Although asserted as constitutional challenges, appellant's contentions are actually complaints that arise from his dispute with the department of corrections rather than complaints that arise from the conviction itself. Appellant does not relate his constitutional challenges to his sentence, but, rather, to the manner in which he is treated within the department of corrections. Appellant's testimony, which constituted the sole evidence presented at the motion hearing, consists entirely of his assertions that for purposes of applications for furlough, transfer, work release and educational programs, the department's rules and regulations allegedly treat inmates convicted of armed criminal action in a manner similar to inmates convicted of class A felonies. Appellant feels, in his word, stigmatized by the classification within the department.

Even assuming, *arguendo*, that appellant's claim of treatment within the department is accurate (nothing in the record other than appellant's testimony substantiates his allegations), appellant's claims are not cognizable in this proceeding. The relief afforded by *Rule 27.26* is "to vacate, set aside, or correct" the sentence. The trial court expressly found that appellant was attacking policy decisions made by the department of corrections. This finding is not clearly erroneous. Appellant's constitutional challenges do not go to his sentence, but, rather, to the alleged policy of the department of corrections to treat inmates convicted of armed criminal action in the same manner as the department treats inmates who committed class A felonies. *Rule 27.26* is not the proper remedy. *Stout v. State*, 745 S.W.2d 237, 238 (Mo. App.1987).

The judgment is affirmed.

All concur.