**James O. PELTON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 42420.**

Missouri Court of Appeals,
Western District.

Aug. 7, 1990.

James O. Pelton, Cameron, pro se.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before LOWENSTEIN, P.J., and CLARK and FENNER, JJ.

PER CURIAM.

Movant, James O. Pelton, appeals from the denial, without an evidentiary hearing, of his Rule 24.035 motion for post-conviction relief. On May 11, 1988, Pelton plead guilty to second degree robbery, § 569.030, RSMo 1986. He received a suspended imposition of sentence and was placed on five years probation. On March 14, 1989, a hearing was held, and Pelton's probation was revoked as a result of convictions for driving while intoxicated and driving without a license, violations of the Excelsior Springs municipal code.

Pelton filed his motion for post-conviction relief on March 29, 1989. Counsel was appointed April 18, and motion counsel filed for an extension of time on May 22, 1989. An extension was granted, and an amended motion was filed June 19, 1989.[1] No evidentiary hearing was held, and the motion court issued findings of fact and conclusions of law in accordance with Rule 24.035(i), denying the motion on August 11, 1989.

Pelton had originally been charged with conspiracy to commit robbery. § 564.016, RSMo 1986. Just before the guilty plea hearing, the state filed an amended information charging Pelton with second degree robbery. In regard to the amended information, trial counsel made the following statement:

"My client is charged with forcibly stealing a purse and U.S. currency owned by Francis Wahl, as alleged in the amended Information. He will state facts and has written facts in his plea petition which would reflect that he aided and abetted Mr. Fred Silva, was an accomplice in connection with this robbery. In my judgment, based upon my knowledge of the law and my detailed conferences with my client, *that is exactly what he did. He is an accomplice. Helped Mr. Fred Silva rob Mrs. Wahl. And, therefore, he is guilty of that.* We would waive reading or waive formal arraignment of the amended Information and plead guilty pursuant to the plea petition that we are now filing with the Court." (emphasis added).

The facts, set forth by Pelton at the hearing indicated that on January 6, 1987, he and Silva went to Mrs. Wahl's house to cut wood. Silva talked to Mrs. Wahl out in front of the house about cutting wood, and Pelton stayed in the truck. Mrs. Wahl went into the house, and Silva followed her. A few minutes later, Silva returned to the truck and told Pelton that they couldn't cut any wood. As they were driving down the highway, Silva pulled Mrs. Wahl's purse out from under his coat and told Pelton that he had shot Mrs. Wahl in order to take her purse, and got $100. Pelton drove home and watched, as Silva buried the purse in Pelton's back yard. Pelton also hid the gun Silva had used in his attic. Silva gave Pelton twenty dollars as his share of the money taken from Mrs. Wahl.

After Pelton told his story, trial counsel said, "That's what he told me, Judge." The prosecutor also stated:

"Judge, that is the story that we have received from Mr. Pelton from the beginning. The only difference in facts would include his statement concerning how much money was involved. The State's evidence would show there was more money … More than the one hundred dollar bill, but we have no way of knowing what Mr. Silva showed the defendant. The other slight difference in the State's evidence would be that Mr. Silva was in the house longer than a couple of minutes; that he was in the house, in fact, for quite a few minutes. But, that also is a minor matter, and Mr. Pelton's testimony has been as he has just testified to the Court from the onset of the investigation."

1. Because the extension was not requested until after the original time had expired, the court was without discretion to grant the extension. *Clemmons v. State,* 785 S.W.2d 524, 527 (Mo. banc 1990). However, *Clemmons,* by its own terms, "shall apply only to all motions for post- conviction relief … from and after the publication date of this opinion in West's South Western Reporter series." *Id.* Therefore, the amended motion will be treated as if timely filed in this movant's case.

Pelton's guilty plea petition states facts not inconsistent with those above, and ends with, "I ... aided and abedded [sic] Fred Silvas commit this crime."

Remanded for an evidentiary hearing.

Pelton presents four points for review: (1) the record of his guilty plea "has no lawful conclusion;" (2) an additional term was added to his probation, thus changing the terms of his plea bargain; (3) he was irrational and did not comprehend the consequences of the plea proceedings; and (4) the motion court erred in denying a hearing and making insufficient findings. Because the final point is dispositive, it alone shall be addressed.

■ First, a movant must request a hearing before one will be considered. See *Miller v. State*, 786 S.W.2d 189, 190 (Mo. App.1990). Although the state in its brief argues that no hearing was requested, Pelton did in fact request a hearing in his pro se motion. But to be entitled to an evidentiary hearing, a movant must also allege facts, not refuted by the record, which if true would warrant relief. *Warren v. State*, 740 S.W.2d 251, 252 (Mo.App.1987). Failure to allege such facts is fatal to a motion seeking post-conviction relief, and warrants denial of the motion without an evidentiary hearing. *Bolder v. State*, 769 S.W.2d 84, 87 (Mo. banc 1989).

■ Pelton plead guilty to the charge. Upon a plea of guilty, the effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea. *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). In order to prevail on a claim of ineffective assistance of counsel, the movant must prove that the action of trial counsel was not that of a reasonably competent attorney under similar circumstances, and that the movant was prejudiced thereby. *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). In order to satisfy the "prejudice" requirement in a guilty plea case, the movant must show that there is a reasonable probability that, but for counsel's errors, he would not have plead guilty and would have insisted on going to trial. *Hill*, 474 U.S. 52, 106 S.Ct. 366.

■ In his amended motion, Pelton claims that counsel did not properly advise him of the elements of the crime, and that he ineffectively advised him to plead guilty to a crime for which there was no factual basis. Pelton alleges that counsel and the trial court's actions indicated to him that the story he told was sufficient to make him guilty of the crime of second degree robbery, and that he only plead guilty because he thought he was guilty. From the transcript, it is unclear whether trial counsel advised Pelton to plead guilty because a jury could convict him if they did not believe he did not know of Silva's plans to rob the victim, or because counsel wrongly believed that because Pelton was an accessory after the fact, he would be liable as a principal.

■ Pelton cannot be criminally liable for Silva's acts merely because he aided him after the completion of the crime. *State v. Gallimore*, 633 S.W.2d 232 (Mo. App.1982). A person is criminally responsible for the conduct of another when either before or during the commission of an offense he aids such other person. § 562.041.1(2), RSMo 1986 (emphasis added). There are other, specific crimes for which an accessory after the fact may be liable, such as concealing an offense or hindering prosecution. §§ 575.020 and 575.030, RSMo 1986.

This is not to say that a jury, upon hearing the evidence above, might not find that Pelton is guilty of the crime. A jury might infer from his presence at the crime, receiving $20, and aiding Silva to conceal the crime that in fact he knew of Silva's plans, was an accessory before the fact, and was therefore criminally responsible for the crime. Compare *State v. Briscoe*, 646 S.W.2d 424 (Mo.App.1983). It might be possible that this was the reason for counsel's advice to plead guilty. From the factual basis set out by Pelton in the plea proceeding and from trial counsel's comments during that proceeding, it is impossible to tell.

Because Pelton's claims are not refuted by the record, and the motions set out

sufficient facts which, if proven by a preponderance of the evidence would entitle him to relief, the matter must be remanded to the motion court for an evidentiary hearing.

All concur.