Mark Everett PIPPENGER,
Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 17012.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 29, 1990.

Ellen H. Flottman, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Frank A. Jung, Asst. Atty. Gen., Jefferson City, for respondent.

SHRUM, Judge.

Movant[1] pled guilty to a charge of failure to appear. He received a 5–year sentence to run concurrently to a 20–year sentence on a conviction for rape.[2] Movant now appeals from an order denying postconviction relief under former Rule 27.26[3] on his failure to appear conviction.

Movant's motion was originally filed pro se December 28, 1984. His initial grounds for seeking relief were that: (a) the guilty plea was involuntary because it was an "equivocal plea"; (b) movant was misadvised and misled concerning service of the additional consecutive sentence; and (c) a conviction and sentence for "Failure to Appear" cannot constitutionally and legally be imposed to run consecutive to the original conviction. On May 4, 1987, an amended 27.26 motion was filed which incorporated the initial pro se motion allegations. It further alleged that movant's plea was not voluntary but resulted from improper coercion and duress placed upon movant by his plea counsel. A second amended 27.26 motion was filed December 6, 1988. The second amended motion did not include or incorporate any of the allegations contained in the original pro se motion or in the first amended motion. The second amended motion alleged: (a) The court lacked jurisdiction to set a trial or to hear the charges against movant at any time because the rape statute set forth in the original complaint, the amended complaint and the original information had been repealed by the Missouri Legislature prior to any alleged acts of movant; (b) Counsel was ineffective in the rape case for failing to attempt to quash the complaints and information; (c) Counsel was ineffective for failure to file motions attacking the court's jurisdiction in the rape case; and (d) Counsel was ineffective for failure to file motions attacking the court's jurisdiction in the failure to appear case based on the alleged lack of jurisdiction in the rape case.

1. Movant was referred to in briefs and certain other documents as Mark Edward Pippenger, but the Judgment and Sentence and other documents indicate his name to be Mark Everett Pippenger.

2. Movant's forcible rape conviction was affirmed in *State v. Pippenger,* 708 S.W.2d 256 (Mo.App.1986). Movant had filed a pro se brief in which he claimed trial court error in allowing the prosecutor to amend the rape count by specifying § 566.030.2 instead of § 558.011.1(2) as the statute fixing punishment. That point was ruled against movant. *Pippenger, supra,* at 270.

3. References to rules and statutes are to V.A. M.S. and RSMo 1986, except where otherwise indicated.

Finally, a third amended motion was filed on May 22, 1989, making a further claim that the rape statute was unconstitutional which deprived the court of jurisdiction in the rape case and in the failure to appear case. The State's motion to dismiss the various motions filed by movant was sustained by the motion court.

Review of a Rule 27.26 motion is a limited one. "Appellate review shall be limited to a determination of whether the findings, conclusions, and judgment of the trial court are clearly erroneous." Rule 27.26(j); *Mallett v. State*, 769 S.W.2d 77, 79 (Mo. banc 1989), *cert. denied*, — U.S. ——, 110 S.Ct. 1308, 108 L.Ed.2d 484 (1990). The motion court's findings, conclusions, and order are clearly erroneous only if a review of the record leaves the appellate court with a definite and firm belief that a mistake has been made. *Ghan v. State*, 771 S.W.2d 833, 834 (Mo. banc 1989); *O'Neal v. State*, 766 S.W.2d 91, 92 (Mo. banc 1989), *cert. denied*, — U.S. ——, 110 S.Ct. 206, 107 L.Ed.2d 159 (1989). In order to be entitled to an evidentiary hearing, the movant must (1) allege facts, not conclusions, which, if true, would warrant relief; (2) these facts must raise matters not refuted by the files and records in the case; and (3) the matters complained of must have resulted in prejudice to the movant's defense. *Pine v. State*, 788 S.W.2d 794, 795 (Mo.App.1990); *Boggs v. State*, 742 S.W.2d 591, 594 (Mo.App.1987); *Thomas v. State*, 736 S.W.2d 518, 519 (Mo.App. 1987). "A motion to vacate under Rule 27.26 which contains mere conclusional allegations and sets out no facts which, if true, would authorize relief, does not warrant an evidentiary hearing." *Boggs v. State, supra*, at 594, citing *State v. Lillibridge*, 399 S.W.2d 25, 28 (Mo.1966), *cert. denied*, 384 U.S. 956, 86 S.Ct. 1579, 16 L.Ed.2d 551 (1966).

In Point I, movant claims there was an insufficient factual basis for his plea thereby rendering his plea involuntary in that he denied he had committed the act[4] willfully as required by § 544.665. This is the same allegation made by movant in his pro se and first amended motions when he claimed that his guilty plea was equivocal.[5] The motion court took judicial notice of file CR383–209–FX–2 (forcible rape conviction) and file CR383–604–FX–4 (failure to appear).[6] This included the transcript of movant's guilty plea in the failure to appear case. In its finding and judgment, the motion court determined that movant's allegation that his guilty plea to failure to appear was "equivocal," was refuted by the record and ruled that point against movant. This court does not find that determination by the motion court to be clearly erroneous. In Point I, movant points to the following exchange at the time of his plea as support for his claim that his plea was equivocal:

> THE COURT: You understand, do you, that in this case the State is charging that on or about December 5, 1983, in Greene County, while you were released on bond in the rape case, you wilfully failed to appear, do you understand that's the charge?
>
> MR. PIPPINGER [sic]: (No response.)
>
> THE COURT: You failed to appear in the rape case.
>
> MR. PIPPINGER [sic]: I failed to appear, yes, sir. I wouldn't go so far to say at the time it was willfull. I was under a lot of stress. There was a reason behind it. I'm not trying to deny

---

4. The "act" referring to movant's failure to appear.

5. In point two of movant's brief (a claim of ineffective post-conviction counsel), movant says: "In appellant's *pro se* and first amended motion, filed by appellant's initial postconviction counsel Ginger Jones, appellant alleged that his guilty plea was equivocal and therefore involuntary under Rule 24.02(e). This point has been more fully discussed in Point I, supra, and such argument is herein incorporated by refer-ence. This allegation was not raised in appellant's second and third amended motions, filed by postconviction counsel Robert Weise, whose effectiveness is challenged herein." From these comments, it is clear that the allegation in movant's pro se motion and first amended motion that his guilty plea was an "equivocal plea" was preserved for review by this court.

6. Both file numbers were circuit court file numbers.

that I was not here, but there was a reason why I left.

THE COURT: Well, the State alleges that you did it willfully and to make its case the State would have to prove beyond a reasonable doubt that you failed willfully, that is intentionally, do you understand that?

MR. PIPPINGER [sic]: Well, I'm beginning to see some things coming to light which—

MR. LYONS: [Defense Counsel] Judge, could I have just a minute to talk with him.

\*       \*       \*       \*       \*       \*

THE COURT: Now, we were on the matter of willfully. Mr. Lyons, does the defendant want to say anything further on that?

MR. LYONS: Well, maybe we can just have questions from the Court.

THE COURT: Okay. Mr. Pippinger, [sic] as you know, the State has the burden of proving your guilt in this case beyond a reasonable doubt.

MR. PIPPINGER [sic]: Yes, sir.

THE COURT: And they have to prove not only that you failed to appear, but they have to prove beyond a reasonable doubt that you willfully failed to appear for this rape trial, do you understand that?

MR. PIPPINGER [sic]: Yes, sir.

From the above, movant argues that "[n]othing in the guilty plea transcript reflects that appellant indeed committed the charged act willfully." That argument ignores substantial additional testimony in the plea transcript. After movant again conferred with his defense attorney, he was asked:

THE COURT: ... Have you had time to confer as fully as you want to now, Mr. Pippinger [sic].

MR. PIPPINGER [sic]: Yes, Your Honor.

Additional pertinent inquiry into the factual basis for movant's plea is as follows:

THE COURT: Do you understand that the law presumes you're innocent of this offense until and unless you plead guilty or you have a trial and you're found guilty by a jury beyond a reasonable doubt, do you understand?

MR. PIPPINGER [sic]: Yes, sir.

THE COURT: Do you have any question on what you're charged with?

MR. PIPPINGER [sic]: Not at all, sir.

THE COURT: Are you ready to plead guilty to this willfully failing to appear?

MR. PIPPINGER [sic]: Yes.

THE COURT: Okay. Do you understand if you have a trial, which of course you're entitled to, one of the things the jury would have to determine would be whether you willfully failed to appear, whether it was willful, do you understand that?

MR. PIPPINGER [sic]: Yes, sir.

\*       \*       \*       \*       \*       \*

THE COURT: Are you satisfied with the way the public defender has represented you in this case?

MR. PIPPINGER [sic]: He's done a fine job, sir.

\*       \*       \*       \*       \*       \*

THE COURT: Mr. Pippinger [sic], has Mr. Lyons left up to you the decision on how to plead at this time?

MR. PIPPINGER [sic]: Yes, sir.

THE COURT: Has he done or said anything that caused you to think he was forcing you to do this, overcoming your will and exerting his will as the thing you're going to go on?

MR. PIPPINGER [sic]: No, sir, Mr. Lyons has been—

THE COURT: Mr. Lyons, you left the decision up to the defendant, have you?

MR. LYONS: Yes, sir.

THE COURT: Mr. Monroe, state briefly the State's case.

MR. MONROE: Your Honor, the case CR383–209FX4 was set for trial on December 5th, 1983. On that—before that date and before Judge Bacon of the Circuit Court of this county, on that day defendant's attorney Ramsdell appeared and defendant did not appear in person, he was called by the Court and did not appear. He—his whereabouts were unknown to his attorney and to his bonds-

man, who was Jan Bean. He had been, up until December 5th, on a lawful recognizance bond in the felony case. Subsequently law enforcement authorities learned here that there was a report of a person living at an abandoned mine in Arizona who said he was wanted in Missouri. Subsequent investigation showed it to be the defendant. He was returned to Missouri. He had been living in Arizona away from civilization. When he was returned to the Greene County Jail the bondsman inquired of him why he had left and he—the bondsman would testify that the defendant said something to the effect that he had gotten an opinion from his attorney as to the outcome of the underlying case and that he would go to the penitentiary and that he had become scared and left.

THE COURT: That he became scared and what?

MR. MONROE: And left the jurisdiction—.... That, essentially, would be the State's case, Your Honor.

THE COURT: Any question or comment on that by the defendant or his attorney?

MR. LYONS: No, Judge.

THE COURT: Mr. Pippinger [sic]?

MR. PIPPINGER [sic]: I don't believe so, sir.

THE COURT: Okay. Mr. Pippinger [sic], do you want the Court to accept your plea of guilty?

MR. PIPPINGER [sic]: Yes, sir.

THE COURT: Are you telling the Court you are guilty of this offense?

MR. PIPPINGER [sic]: Yes, sir.

■ The minor equivocation mentioned by movant cannot vitiate his other admissions in response to the extensive explanations and questioning by the court. *Wickham v. State*, 733 S.W.2d 793, 794 (Mo. App.1987). "[An] inquiry into the factual basis for a plea of guilty by any appropriate means is considered sufficient." *Mc-*

*Donald v. State*, 734 S.W.2d 596, 600 (Mo. App.1987); *Row v. State*, 680 S.W.2d 418, 419 (Mo.App.1984). For a guilty plea to be valid, it is not necessary that the movant admit to, or even believe, the veracity of the elements of the charges against him; all that is required is that the plea be knowing and voluntary. *Reeder v. State*, 712 S.W.2d 431, 433 (Mo.App.1986); *Bird v. State*, 657 S.W.2d 315, 316 (Mo.App.1983). "A guilty plea is not involuntary, even though the accused maintains his innocence, so long as the plea represents a voluntary choice of alternatives available to him at the time, according to his own best interests." *Turner v. State*, 755 S.W.2d 409, 410 (Mo.App.1988); *Small v. State*, 646 S.W.2d 903, 905 (Mo.App.1983). The record here clearly refutes movant's claim that his plea was equivocal; that there was no factual basis for the plea. Here, the trial court carefully and repeatedly went over the elements of the offense charged, particularly the requirement that the State had to prove that movant *willfully* failed to appear. The information clearly charged the defendant with all elements of failure to appear; the nature of the charge, especially the element of willfulness, was carefully explained to movant. He thereupon admitted his guilt. A factual basis for the guilty plea was clearly established. *Row v. State, supra,* at 420. The finding by the motion court that the record refuted movant's claim that his plea was equivocal is not clearly erroneous. Rule 27.26(j). Point I is ruled against movant.

■ In Point II, movant argues the motion court erred in denying Rule 27.26 relief because his post-conviction counsel failed to include in the second and third amended Rule 27.26 motions his original claims of lack of a factual basis for his original plea.[7] This point is without merit for two reasons. First, the motion court did consider all claims made by movant in his original pro se motion and in his first

7. In movant's pro se and first amended motion, the movant had claimed his guilty plea was equivocal; that there was no factual basis for his plea of guilty. When a different post-convic-

tion counsel filed the second and third amended motions he failed to incorporate by reference (or in any other way) the allegations of the pro se and first amended Rule 27.26 motions.

amended motion.[8] In Point II of his brief, movant acknowledges that his claim of an equivocal guilty plea (as alleged in his pro se and first amended motions) was briefed in Point I submitted to this court. Thus, what movant claimed to be a justiciable claim (equivocal guilty plea, lack of factual basis for guilty plea rendering plea involuntary) was considered and rejected by the motion court (even though not specifically pleaded in the amended motions). That point was preserved upon appeal, considered by this court, and rejected. Accordingly, since this particular ground was reviewed on its merits by the motion court and by this court, it is irrelevant that the amended motions did not specifically include the allegation. Movant has no cause to complain. *Woolsey v. State*, 738 S.W.2d 483, 485 (Mo.App.1987).

■ It is true that movant's pro se motion and first amended motion contained allegations in addition to "equivocal plea" as a basis for post-conviction relief. The motion court made findings regarding all allegations; but, on appeal, Point II of movant's brief complains specifically that the "justiciable claim" omitted by failure to include the pro se motion and first amended motion allegations was the claim that his guilty plea was equivocal. No other claims in the pro se or first amended motions ruled upon by the motion court are presented to this court. Under these facts and circumstances, no amendment of the post-conviction motion was necessary. When a movant requests an appellate court to reverse the denial of his post-conviction motion based on counsel's failure to state additional grounds, he must identify those grounds. *State v. Perez*, 768 S.W.2d 224, 228 (Mo.App.1989); *Guyton v. State*, 752 S.W.2d 390, 392–93 (Mo.App.1988). Additional grounds alleged in the pro se motion and first amended motion are deemed abandoned when not preserved in this appeal.

*Lingar v. State*, 766 S.W.2d 640 (Mo.banc 1989), *cert. denied*, — U.S. —, 110 S.Ct. 258, 107 L.Ed.2d 207 (1989). Point II is rejected for the above reasons.

■ Point II is ruled against movant for the following additional reason. A post-conviction proceeding is directed to the validity of movant's conviction and sentence and cannot be used as a conduit to challenge the effectiveness of counsel in the post-conviction proceeding. *Lingar v. State, supra*, at 641. Movant's reliance upon *Jones v. State*, 702 S.W.2d 557 (Mo. App.1985), and *McAlester v. State*, 658 S.W.2d 90 (Mo.App.1983), for his claim that the case should be remanded to permit amendment of his Rule 27.26 motion to include a justiciable claim is misplaced. Remand for such purpose has been properly characterized as a "rather extraordinary remedy," warranted only where there are clear indications in the record that movant had a justiciable claim that did not receive consideration due to counsel's failure to properly represent that ground in an amended motion. *Woolsey v. State, supra*, at 485. There is no such indication in this record. The motion court ruled on all claims made in the pro se and first amended motions. The only claim which movant apparently felt sufficiently justiciable to brief has been reviewed by this court (claim of equivocal plea) and ruled adversely. The circumstances here are clearly distinguishable from *Jones v. State, supra*, and *McAlester v. State, supra*. Point II is ruled against movant for this additional reason.

■ Finally, in Point III, movant claims error by the motion court in denying post-conviction relief. He claims the trial court had no jurisdiction to accept movant's plea on the failure to appear charge because the trial court in the rape charge was without

---

**8.** Paragraph 3 of the motion court's judgment reads: "Movant's pro se motion, and all amended motions recite conclusions which alone will not allow an evidentiary hearing." Paragraph 4 of the judgment specifically addresses movant's claim that his guilty plea was equivocal: "Two allegations found within Movant's motions are refuted by the record. Those concerns are (1)

that the plea in CR383–604FX–4 was equivocal, and (2) that Movant was misadvised as to how he would serve his sentence, whether consecutive or concurrent to CR383–209FX–4. Therefore, this Court finds that both points are not cognizable under a post-conviction relief motion."

jurisdiction. The court trying the rape charge is alleged to be without jurisdiction because the original felony complaint recited an erroneous punishment section. Movant's argument is that if the trial court in the rape case had no jurisdiction over the rape charge, then it had no jurisdiction to order movant to appear before it; and "[i]f the jurisdiction of the court ... fails in the rape case, it fails as well in the case of the failure to appear." This point has no merit. This is an attempt to collaterally attack the original conviction for rape which was affirmed by this court in *State v. Pippenger, supra.*

In the direct appeal, this court rejected Pippenger's claim that amending the information during a recess while voir dire was in progress by specifying § "566.030.2" instead of § "558.011.1(2)" resulted in an "upgraded and more serious felony." *State v. Pippenger, supra,* at 270. Movant is not entitled to relitigate that issue now. A post-conviction proceeding is not "a substitute for a second appeal." Rule 27.26(b)(3); *Thomas v. State,* 665 S.W.2d 621, 624 (Mo.App.1983). "Once a point has been considered on direct appeal, it may not be reconsidered in a post-conviction proceeding." *Wilhite v. State,* 615 S.W.2d 506, 507 (Mo.App.1981). Movant attempts to avoid the last mentioned settled principles by saying that his claim here presented is different; here, he complains that the felony "complaint" had the wrong punishment section, whereas the issue in *State v. Pippenger* was the amendment of the information and not the complaint. Even if it be conceded that this is a different issue, it does not aid movant. A complaint is only the "first step in the information proceeding." *State v. Thomas,* 674 S.W.2d 131, 135 (Mo.App.1984), *cert. denied,* 469 U.S. 1223, 105 S.Ct. 1213, 84 L.Ed.2d 354 (1985). The purpose of the complaint is to advise defendant of the charges against him and to allow the court to determine if the accused should be bound over to stand trial. *State v. Rhodes,* 591 S.W.2d 174, 175 (Mo.App.1979). The actual charge occurs when the information is filed. *Vaughn v. State,* 763 S.W.2d 232, 236 (Mo.App.1988). Filing of the amended information setting forth the correct punishment overcame any defect in the complaint. In any event, the fact that the complaint had the wrong punishment section did not deprive the trial court of jurisdiction over the rape charge; a complaint does not itself constitute a criminal charge, merely "a ... possibility that a criminal charge will be filed." *Moton v. State,* 772 S.W.2d 689, 691 (Mo.App.1989). Movant's third point is denied.

The Judgment is affirmed.

FLANIGAN, C.J., and PARRISH, P.J., concur.