James O. PELTON, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 44551.

Missouri Court of Appeals,
Western District.

April 7, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
June 2, 1992.

Application to Transfer Denied
July 21, 1992.

---

David S. Durbin, Appellate Defender, Anthony C. Cardarella, Asst. Appellate Defender, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., for respondent.

Before LOWENSTEIN, C.J., and SHANGLER and TURNAGE, JJ.

LOWENSTEIN, Chief Judge.

Appellant James O. Pelton appeals from the denial of relief on a Rule 24.035 motion. Pelton was charged in 1987 with first degree robbery, the charge was later amended to second degree robbery, and under a plea agreement Pelton entered a plea of guilty and agreed to cooperate and testify in a case involving a codefendant. The State recommended and the court accepted a suspended imposition of sentence and a five year term of probation. During the first year of probation, Pelton was involved in three alcohol/driving related incidents which led his parole officer to recommend probation revocation. The trial court held a revocation hearing, revoked Pelton's probation, and sentenced him to a fifteen year imprisonment. Pelton then filed a *pro se* Rule 24.035 motion which was denied by the trial court without an evidentiary hearing, and such denial was reversed on appeal, *Pelton v. State,* 794 S.W.2d 301 (Mo. App.1990). Upon remand, Pelton (now with appointed counsel) filed a motion for change of judge, which was denied. The trial court then denied Pelton's Rule 24.035 motion for a second time, upon an evidentiary hearing and with specific findings of fact and conclusions of law. Pelton's appeal raises three points: 1) the hearing court erred in denying Rule 24.035 relief based on an inadequacy of factual basis for Pelton's guilty plea of second degree robbery, 2) the hearing court erred in denying Rule 24.035 relief based on ineffective assistance of counsel, and, 3) the hearing court erred in denying the motion for a change of judge.

I. Factual basis for guilty plea

The only known facts before this court of the incident which led to Pelton's charge are those testified to by Pelton at his guilty plea hearing. Pelton testified that he and

Fred Silva were driving in Pelton's truck looking for firewood to cut. They stopped at the victim's home where Silva left the truck to speak with her while Pelton remained behind. Silva entered the home with the victim, returning shortly to say that they could not cut wood, and the two drove on down the highway. Silva then pulled out the victim's purse from under his coat and told Pelton he had shot her to get the purse. Pelton denied any knowledge of Silva's intentions to rob the victim, and the remainder of his testimony reflects that he drove Silva to his home, watched him bury the purse, hid the gun in his own attic at Silva's request, and accepted twenty dollars for his "share" of a hundred dollar bill found in the purse. Pelton and Silva parted ways soon after. In response to the court's questioning of the story, the prosecutor stated that "Mr. Pelton's testimony has been as he has just testified to the court from the onset of the investigation," while Pelton's attorney said, "That's what he's told me, Judge."

When questioned by the judge as to whether Pelton was pleading guilty because he was guilty, or for some other reason, Pelton said, "Because I'm guilty, sir." Further, admitting that he could read and write and in fact had two years of college, Pelton signed in four separate places his Petition to Enter a Plea of Guilty, which stated that he understood and was pleading guilty to all matters set forth in the information. He also testified that he had read and signed the Petition.

Pelton now maintains that there was no factual basis for the guilty plea, because he did not admit facts which would establish that he had aided Silva either before or during the robbery, and that the hearing court should therefore have granted his Rule 24.035 motion. In fact, this court reversed the earlier denial of Pelton's Rule 24.305 motion stating that "Pelton cannot be criminally liable for Silva's acts merely because he aided him after the completion of the crime," *Pelton v. State*, 794 S.W.2d 301, 303 (Mo.App.1990). This court then noted that without an evidentiary hearing on Pelton's Rule 24.035 motion, it was impossible to tell if Pelton pled guilty because

there was a possibility a jury would not believe his story, *id.* It is now possible to tell.

■ Initially, this court notes that the standard of review of a denial of a Rule 24.035 motion is limited to a determination of whether the findings and conclusions of the hearing court are clearly erroneous, *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989), *cert denied sub nom. Walker v. Missouri*, 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989); Supreme Court Rule 24.035(j). The findings and conclusions are clearly erroneous only if an examination of the entire record leaves the appellate court "with the definite and firm impression that a mistake has been made," *Day v. State*, 770 S.W.2d at 695–96.

■ The controlling law on the requirement of a factual basis for a guilty plea is as follows: 1) "The court shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea," Rule 24.02(e); 2) a plea of guilty is an admission of the facts alleged in the information, *Milligan v. State*, 772 S.W.2d 736, 738 (Mo.App.1989); 3) an express admission of guilt is not required in determining if there is a factual basis, *Row v. State*, 680 S.W.2d 418, 419 (Mo.App. 1984); 4) "[f]or a guilty plea to be valid it is not necessary that the movant admit to, or even believe the veracity of the charges against him; all that is required is that the plea be knowing and voluntary," *Pippenger v. State*, 794 S.W.2d 717, 721 (Mo.App. 1990); and, 5) a guilty plea is not involuntary even where the accused maintains innocence, so long as the plea represents a voluntary choice of alternatives available in his own best interest, *Pippenger* at 721.

■ Under *Pippenger*, and given Pelton's signing of the guilty plea admitting that he aided and abetted Silva, his testimony that he pled guilty because he was guilty, as well as testimony at the Rule 24.035 hearing that he was eager to reach a plea bargain agreement, this court finds the hearing court's denial to not be clearly erroneous. The point is denied, since the factual basis required by Rule 24.02(e) need

not be established by the accused's testimony at the guilty hearing. It was obviously the State's position that Pelton *had* aided Silva before or during the crime, and Pelton himself need not admit facts establishing guilt for accomplice liability, in order to knowingly and voluntarily plead guilty to an accomplice crime. A plea is not invalid as long as it is voluntary, and based upon a knowing choice of alternatives, *Pippenger* at 721. The next point addresses this very issue.

## II. Knowing and voluntary guilty plea

Pelton alleges ineffective assistance of counsel in that his trial counsel did not fully inform him of the meaning of accomplice liability and of the burden of proof in a criminal trial. The "effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea," *Pelton v. State*, 794 S.W.2d 301, 303 (Mo.App. 1990).

The only evidence of trial counsel's inadequacy is Pelton's own motion hearing testimony. On the other hand, Pelton's trial counsel testified at the motion hearing that he "discussed accomplice liability and [Pelton] knew that he had the option of going to trial." Trial counsel also testified that "based on the scenario that I understood took place, a jury could well have believed that [Pelton] was involved in knowing what Mr. Silva was going to do," and that

> It was my opinion that if he had gone to trial, and I know that the prosecutor would have loaded up on the charges, it was very likely because he had changed he story so often because of the circumstances that the jury would have found him guilty and nailed him, and he'd be down there for several life sentences, as opposed to the fifteen years that I know he's got.

The record from the hearing shows that after lengthy discussions, Pelton and his trial counsel determined there was a good likelihood that a jury could convict. There is absolutely no evidence that trial counsel had misled or misinformed Pelton. The hearing court found that the plea agreement was a tactical decision made by both sides, and was actually a proper move based on the evidence against Pelton. This court agrees with the hearing court in that the "actions and advice of Mr. Radke, as counsel for movant, were the actions and advice of a highly competent attorney under the same and similar circumstances." After all, Pelton's original plea resulted in a suspended imposition of sentence with a five year probation, a result "tactically and skillfully arrived at." This court has no impression whatsoever that a mistake has been made, *Day v. State*, 770 S.W.2d 692, 695–96 (Mo. banc 1989), and the hearing court's denial of relief on the grounds of ineffective assistance of counsel is upheld.

## III. Denial of change of judge

Prior to the evidentiary hearing on his Rule 24.035 motion, Pelton moved for a change of judge under Rule 51.05.[1] The motion was denied. This court upholds the denial of the change of judge motion on the following grounds: 1) *Thomas v. State*, 808 S.W.2d 364, 367 (Mo. banc 1991), holding that Rule 51.05 does not apply to postconviction proceedings, controls; 2) the Rule 51.05 automatic change of judge motion was not timely filed, being approximately 119 days after the hearing judge was known, well outside the 30 day time limit imposed by the rule; and, 3) Pelton has filed no change of judge motions alleging actual bias or prejudice, relief expressly recognized by *Thomas* under Constitutional guarantees, *Thomas* at 367. The point is denied.

The denial of Rule 24.035 relief by the hearing court is affirmed, as is the denial of the Rule 51.05 motion.

---

1. The Honorable Melvin E. Griffin, as Judge of Division 2 of the Forty–Third Judicial Circuit at Plattsburg, presided over Pelton's original guilty plea hearing in 1988. The Honorable Stephen K. Griffin replaced his father on the bench, and has subsequently held Pelton's probation revocation hearing, and each hearing concerning the Rule 24.035 motion.