**Quinton Vashon BROOKS, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

**No. SD 30854.**

Missouri Court of Appeals, Southern District, Division One.

Aug. 19, 2011.

Rosalynn Koch, Columbia, MO, for Appellant.

Chris Koster, Attorney General, and, Dora A. Fichter, Assistant Attorney General, Jefferson City, MO, for Respondent.

DON E. BURRELL, Presiding Judge.

In a single point relied on, Appellant ("Movant") claims the motion court clearly erred in denying his Rule 24.035 motion because Movant's plea attorney did not properly investigate the facts of his case. Movant claims this deficient performance by counsel rendered his guilty plea "involuntary and unknowing, as he pled guilty to offenses that he did not commit." Because Movant admitted guilt—which waived any claims of insufficient investigation—and failed to prove that his guilty plea was either unknowing or involuntary, we affirm.

Movant was initially charged with four criminal offenses: first degree burglary, unlawful use of a weapon, misdemeanor domestic assault, and violation of an order of protection. In January 2006, based on a negotiated plea agreement, Movant pleaded guilty to the first two charges, and the other two were dismissed. The agreed-to punishment was a five-year term of probation with concurrent, suspended sentences of 12 years on the burglary and 4 years on the unlawful use of a weapon charge.

In reciting a factual basis for Movant's plea, the prosecutor asserted that Movant had been hiding in the bathroom of the victim's ("Victim") apartment. When Victim, formerly Movant's romantic partner, entered her apartment, Movant stepped out of hiding, holding a knife. When Victim tried to leave, Movant blocked her path—still holding the knife—and told her that she couldn't leave. Movant had recently been arrested for violating an order of protection.[1] Victim had not given Movant permission to be inside the apartment.

Movant testified that he agreed with the facts recited by the prosecutor. Movant testified that he had told his attorney everything she needed to know about his case and that he was satisfied with her services. Movant told the plea court that he was not under the influence of any drugs or alcohol, that no one had threatened or coerced him into pleading guilty, and that he was guilty of the crimes he was pleading guilty to.

Three years later, Movant admitted to having violated the conditions of his probation and his previously suspended sentences were executed. After he was delivered to the Department of Corrections, Movant timely filed a pro se Rule 24.035 motion. Appointed counsel thereafter filed an amended motion on his behalf. At the evidentiary hearing on Movant's amended motion, his plea counsel testified

---

1. The order apparently prevented Movant from having any contact with Victim.

about a memo in her file "that discussed [Movant's] desires for guaranteed probation and how that was the only offer he wanted." She testified that if Movant had wanted to take his case to trial, she would have done so. Movant also testified. On cross-examination, he admitted that plea counsel had gone over the charges against him and that he understood what he was pleading guilty to.

The motion court denied relief, finding that Movant had received the probation offer he wanted and "did not have any complaints with [plea counsel]'s services until his probation was revoked through no one's fault but his own. Movant's probation revocation has nothing to do with the voluntariness of his guilty plea." Those findings are not clearly erroneous.

When a negotiated plea of guilt is at issue, "a claim of 'ineffective assistance of counsel is immaterial except to the extent it impinges upon the voluntariness and knowledge with which the [guilty plea] was made.'" *Boyd v. State,* 205 S.W.3d 334, 338 (Mo.App. S.D.2006) (quoting *Cupp v. State,* 935 S.W.2d 367, 368 (Mo.App. S.D.1996)). "A plea of guilty voluntarily made with understanding of the nature of the charge is conclusive as to guilt and waives all nonjurisdictional, procedural and constitutional infirmities, if any, in any prior stage of the proceeding." *Geren v. State,* 473 S.W.2d 704, 707 (Mo. banc 1971) (citations omitted). This waiver extends to claims of ineffective assistance of counsel. *See Berry v. State,* 214 S.W.3d 413, 415 (Mo.App. S.D.2007). Movant's guilty plea waived any claim that counsel had insufficiently investigated his case.

Movant states no other grounds as support for his claim that his guilty plea was either unknowing or involuntary. In the absence of such proof, the motion court correctly denied Movant's request for post-conviction relief. The record clearly indicates that Movant's decision to plead guilty represented "a voluntary choice of alternatives available to him at the time, according to his own best interests." *Turner v. State,* 755 S.W.2d 409, 410 (Mo.App. E.D. 1988). Movant summarized the situation best when, in a moment of candor during his probation revocation hearing, he stated, "I shouldn't have took it [the negotiated plea agreement]. I ain't mad at nobody. I brought this on myself."

Movant's point is denied, and the decision of the motion court is affirmed.

RAHMEYER, J., and LYNCH, J., concurs.