James Z. BRADLEY, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 57509.

Supreme Court of Missouri, Division No. 2.

April 9, 1973.

Motion for Rehearing or to Transfer to Court En Banc Denied May 14, 1973.

Richard D. Schreiber, Clayton, for movant-appellant.

John C. Danforth, Atty. Gen., Vincent F. Igoe, Asst. Atty. Gen., Jefferson City, for respondent.

HOUSER, Commissioner.

James Z. Bradley has appealed from an order overruling a motion filed under Rule 27.26, V.A.M.R. to vacate a judgment of conviction of first degree robbery and a sentence of life imprisonment, entered on March 6, 1957 upon a plea of guilty. We have jurisdiction since the notice of appeal was filed prior to January 1, 1972.

Bradley, accompanied by his attorney, appeared in the Circuit Court of St. Louis County on March 6, 1957, at which time a plea of guilty to the charge of robbery was entered for him by his attorney, who waived the reading of the indictment. Bradley had previously been convicted in the Circuit Court of the City of St. Louis on two charges of robbery and one charge of murder, for which he had received three concurrent life sentences. Negotiations between Bradley's counsel and the assistant prosecuting attorney resulted in an offer by the State to recommend a life sentence, to run concurrently with the other three life sentences. Bradley accepted the State's offer. After the plea of guilty was entered the Court asked the assistant prosecuting attorney for his recommendation. Pursuant to the agreement he recommended a life sentence, to run concurrently with the three previous sentences. The judge announced his intention to follow the recommendation and in pronouncing sentence the court ordered the life sentence to run concurrently with the three life terms.

Bradley contends that the court erred in not vacating the sentence because the plea of guilty was not voluntary or based upon an understanding of the charge, as required by Rule 25.04. Bradley points out that the transcript of the proceedings of March 6, 1957 demonstrates that the indictment was not read or explained to him; that neither the range of punishment for armed robbery, the presumption of innocence, the right against self-incrimination, the right of confrontation, the right to a trial by jury, nor the consequences of a plea of guilty was mentioned or explained to him at the hearing. He also complains that the court did not make a determination of record that the plea was voluntarily entered with understanding of the nature

of the charge. Relying upon recent cases [1] Bradley poses the question whether the conviction and sentence should be vacated because the brief record of the proceedings of March 6, 1957 (which patently falls short of present-day requirements) fails to demonstrate substantial compliance with Rule 25.04. In Flood v. State, 476 S.W.2d 529, 533 [2] (Mo.1972); Brodkowicz v. State, 474 S.W.2d 822, 828 [6] (Mo.1971); State v. Grimm, 461 S.W.2d 746, 752 [2] (Mo.1971); Drew v. State, 436 S.W.2d 727, 729 (Mo.1969), and State v. Mountjoy, 420 S.W.2d 316, 324 [9] (Mo.1967), we held that in determining whether a plea of guilty was entered voluntarily with understanding of the charge the trial court in a 27.26 proceeding is not limited to the record made at the time the plea was entered but may make the determination on the basis of both that record and the evidence adduced at the hearing of the motion to vacate the judgment. We therefore review both the record of March 6, 1957 and the March 25, 1971 transcript.

■ Bradley was the only witness at the 27.26 hearing. His counsel, physically afflicted, was unable to speak. The person who was assistant prosecuting attorney in 1957 was not called. The judge was the same judge who conducted the hearing in 1957. Bradley was 20 years old when he pleaded guilty. He had a ninth grade education. His testimony at the 27.26 hearing demonstrates that at the time he pleaded guilty he understood that he was charged with armed robbery; that the law provided a penalty for armed robbery less than life imprisonment; that he had a right to a jury trial; that he appreciated the distinction between consecutive and concurrent sentences; that after conferences with his counsel he made the decision to plead guilty to the charge of armed robbery and accept a term of life imprisonment on the

basis that the sentence would run concurrently with his previous sentences, and that he was present when the assistant prosecuting attorney positively assured his counsel that the sentence would be concurrent. The March 6, 1957 record shows that Bradley discussed the case with his mother and counselled with his attorney, and before pleading guilty had been fully advised that the State would recommend a life sentence to be served concurrently. Bradley was not unacquainted with the consequences of a plea of guilty to a charge of armed robbery; he had that experience twice before. From a consideration of both transcripts we find no error in the trial court's ruling that Bradley's plea was voluntarily, understandingly and knowingly made, and not induced by threats, coercion or inducements.

Bradley's previous criminal record placed him in a difficult position as he faced a third armed robbery charge. After counseling with his mother and his attorney, an able and experienced criminal lawyer, seeking a disposition of this fourth serious criminal charge on the best possible terms, Bradley chose to enter into the arrangement offered by the State. The court approved the agreement, ascertained that Bradley had advance information as to the State's offer, accepted the plea of guilty and ordered concurrent service of the sentence. The State kept and performed its part of the agreement to the letter. Bradley received what he bargained for and has no basis for present complaint, unless as he now claims the conviction must be vacated on the ground that Bradley's counsel misled him on the matter of the possibility of parole.

■ At the 27.26 hearing Bradley gave uncorroborated testimony to the effect that he pleaded guilty and accepted the life sentence upon a misapprehension arising out

1. Bellew v. Swenson, 459 S.W.2d 351, 355 (Mo.1970); State v. Williams, 361 S.W. 2d 772, 775 (Mo. banc 1962); State v. Roach, 447 S.W.2d 553, 557 (Mo.1969); State v. Reese, 457 S.W.2d 713, 717 (Mo. banc 1970); State v. Arnold, 419 S.W.2d 59 (Mo.1967); State v. Blaylock, 394 S.W.2d 364 (Mo.1965); State v. Good, 403 S.W.2d 594 (Mo.1966).

of misleading advice and assurance of his counsel that if he pleaded guilty and received a concurrent sentence he would be eligible for parole but if he pleaded not guilty, stood trial and was convicted by a jury, the sentence would run consecutively, i. e., be added on to the three life sentences *and that in such case he would be ineligible for parole*. By the action of the trial court in overruling the motion to vacate it is obvious that the court did not credit or believe Bradley's testimony that his counsel so advised him and that this induced him to plead guilty. Bradley's argument on this point is based entirely upon the assumption that this actually occurred. It is not, however, an established fact simply because Bradley so testified. The trier of the fact had a right to, and evidently did, reject Bradley's testimony about parole eligibility, even though there was no contrary evidence offered at the time of the hearing. Shoemake v. State, 462 S.W.2d 772, 775 [4] (Mo. banc 1971). Paraphrasing Shoemake, that is particularly true when the favorable testimony came from Bradley himself, who had an obvious interest in the outcome, and the proceedings for relief arose sometime after (12 years after) the events in question and after disability had removed from the scene Bradley's lawyer, who had direct knowledge of the events. "The judge was not bound to accept [Bradley's] testimony as true; nor are we. He did not meet his burden and the point is denied." State v. Hamel, 420 S.W.2d 264, 267 (Mo.1967). As suggested in Hamel, lapse of time without any explanation of the delay in seeking postconviction relief may be considered in determining the good faith and credibility of one seeking such relief.

■ Bradley now claims that he was innocent of the crime; that he pleaded guilty simply because anything he received in the way of a concurrent sentence "wouldn't make any difference" since he already had a life sentence. A motion to vacate is not the proper vehicle for relitigating the issue of guilt or innocence. State v. Schaffer, 454 S.W.2d 60 (Mo. 1970). If as it has been determined Bradley pleaded guilty voluntarily, knowingly and with understanding, his actual guilt, or an express admission of guilt, is not a constitutional prerequisite to the imposition of a criminal penalty. "An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." North Carolina v. Alford, 400 U.S. 25, 37, 91 S.Ct. 160, 167, 27 L.Ed.2d 162 (1970).

■ Next, Bradley asserts error in that the plea of guilty "was a bargained plea which was tainted by not being voluntary." Conceding that plea bargaining is recognized by the federal courts [2] as well as this Court as an accepted practice, Bradley contends that certain basic rules of fairness must be adhered to, and that under Jones v. United States, 423 F.2d 252, 1. c. 255 (9th Cir. 1970) "knowledge of the existence of such an agreement, its terms, and the negotiations which led to it, are crucial to the effective discharge of the court's responsibility to assure that the plea is not accepted unless it is *voluntarily made*"; that a mere routine inquiry will not suffice to discharge the duty of the trial court under United States v. Lester, 247 F.2d 496 (2nd Cir. 1957). We do not understand the relevance of these citations under the admitted facts. There is no doubt from this record that the sentencing court knew Bradley's previous record; knew that plea bargaining had occurred, and knew that Bradley was a party to and had consented to the agreement reached. On this phase of the case more than a routine inquiry was conducted.

■ Bradley seeks vacation of the sentence as a violation of the equal protection

2. Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971);

United States v. Froniabarger, 467 F.2d 845 (8th Cir. 1972).

of the laws clause of the United States Constitution on the ground that his life sentence constitutes harsher punishment than that imposed upon two codefendants, who received 8-year sentences to run concurrently with like sentences imposed in the City of St. Louis in the same cases in which Bradley received life sentences. The codefendants were sentenced after the sentence under review was passed. There is nothing in the record to show the ages of the codefendants; the degree or extent of their complicity and participation in this crime; whether the codefendants had previous criminal records, etc. There is nothing in the record to indicate that in sentencing Bradley to life imprisonment the court arbitrarily and without justification singled him out for exceptionally severe treatment. Bradley has failed to meet the burden of establishing that the court engaged in arbitrary, capricious or discriminatory conduct in assessing his punishment.

█ Finally, Bradley contends that the court's findings of fact and conclusions of law fail to meet the issues presented, do not follow the record as required by Rule 27.26(i) and therefore are erroneous, of no effect, and that for these reasons the judgment of the trial court should be reversed and the case remanded with directions to sustain the motion to vacate and permit Bradley to enter a plea of not guilty. Upon discovery that the original transcript filed in this Court contained no findings of fact or conclusions of law, as required by Rule 27.26(i), the cause was remanded to the trial court with directions to comply with the rule. Thereafter a 7-page supplemental transcript consisting of numerous findings and conclusions was filed. Bradley has excepted to practically every recital made by the trial court. A seriatim analysis of each of the numerous exceptions would unduly lengthen this opinion and be without value. While the findings and conclusions are no model and entirely omit any consideration of the issue of discriminatorily harsh punishment they are sufficient on the central issue—whether the plea of guilty was entered voluntarily, knowingly and understandingly—and we have been able to determine the other issues without further remand for additional findings. Accordingly, this point is resolved against Bradley.

Finding no clear error or manifest injustice the judgment is affirmed.

STOCKARD, C., concurs.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.