Ralph Carol BOUNDS, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 38256.

Missouri Court of Appeals,
St. Louis District,
Division One.

Sept. 20, 1977.

Huck, Kasten & LaBeaume, Graham W. LaBeaume, St. Louis, for movant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., James W. McCartney, Asst. Circuit Atty., St. Louis, for respondent.

CLEMENS, Presiding Judge.

Movant-defendant appeals the denial of his Rule 27.26 motion to vacate a ten-year sentence imposed on his "*Alford* plea" of guilty to manslaughter, entered despite his protestation of innocence. He contends the trial court erred in finding the plea was voluntary because it was entered "without an awareness of the consequences."

In the foundation case, the indictment charged defendant with second degree murder and a prior felony conviction. The state's evidence was that defendant was running a small crap game when James Swims, one of the players, went broke. Swims insisted that defendant should follow a local custom that the man running the crap game must give a loser one dollar to get back in the game. Defendant refused and Swims tried to stop the game. "One word led to another" and defendant shot and killed Swims.

On the second day of trial defendant entered a plea of guilty to a reduced charge of manslaughter, although protesting his innocence, as in *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). The trial court accepted the plea. Before doing so Judge Mehan thoroughly interrogated defendant, as required by Rule 25.04. He concluded the plea was made voluntarily and with full understanding of the nature of the charge and the effects of pleading guilty. The court later denied probation and sentenced defendant to ten years' imprisonment.

The issue now raised on appeal from the denial of his Rule 27.26 motion is whether defendant entered his guilty plea "voluntar-

ily without an awareness of the consequences." On the Rule 27.26 hearing defendant testified his attorney, Mr. Thomas Prebil, misled him as to the consequences of the "*Alford* plea." He testified he entered the guilty plea believing he could obtain a pre-sentence investigation and possibly probation, without admitting guilt to the crime charged. Mr. Prebil testified as to his thorough trial preparation, his belief that the state's evidence would take the case to the jury for second-degree murder, that defendant had but a slim chance of acquittal. Counsel had discussed with defendant the effect of an "*Alford* plea" and the comparative range of punishment for murder and manslaughter.

At the close of the hearing Judge Mehan, who had taken defendant's plea, filed comprehensive findings of fact and conclusions of law, reciting the guilty-plea proceedings and accepting the testimony of Mr. Prebil as true and rejecting defendant-movant's contention of involuntariness. The comparative credibility of the two witnesses was for the trial court to determine. *Trice v. State*, 540 S.W.2d 613[3] (Mo.App.1976).

Both the state and defendant rely on *Alford* where defendant had pleaded guilty despite his refusal to expressly admit his guilt. The supreme court held: "The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." In holding a guilty plea can be accepted when accompanied by protestations of innocence, the court explained that reasons other than the fact a defendant believed himself innocent may induce him to plead guilty. It likened this to a *nolo contendere*, a plea whereby defendant does not expressly admit his guilt, but nonetheless waives his right to a trial and authorizes the court for purposes of the case to treat him as if he were guilty. The court reasoned: "Implicit in the *nolo contendere* cases is a recognition that the Constitution does not bar imposition of a prison sentence upon an accused who is unwilling expressly to admit his guilt but who, faced with grim alternatives, is willing to waive his trial and accept the sentence."

The court concluded: "Thus, while most pleas of guilty consist of both a waiver of trial and an express admission of guilt, the latter element is not a constitutional requisite to the imposition of criminal penalty. An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime."

Missouri courts have cited *Alford* with approval. *Bradley v. State*, 494 S.W.2d 45[3, 4] (Mo.1973), and *Pulliam v. State*, 480 S.W.2d 896[4–7] (Mo.1972). In *Lewis v. State*, 539 S.W.2d 578[1, 2] (Mo.App.1976), when arraigned defendant admitted killing the victim but said he did it in self defense. After sentence was imposed on his plea of guilty defendant contended his self-defense assertion vitiated his guilty plea. We held: "In Missouri if defendant pleads guilty voluntarily, knowingly and with understanding, his actual guilt, or an express admission of guilt, is not a constitutional prerequisite to the imposition of a criminal penalty. *Bradley v. State*, 494 S.W.2d 45[4] (Mo.1973). Likewise, a guilty plea knowingly and voluntarily rendered will be accepted if at the time of the plea the defendant stated to the court facts showing a defense of self-defense. *Rayford v. State*, 504 S.W.2d 285, 289 (Mo.App.1973)."

Even assuming defendant was misinformed by counsel, at his guilty-plea proceeding the trial court examined defendant at length and thoroughly disabused him of any preconceived notions regarding the consequences of a guilty plea. The trial court admonished defendant that it alone would determine punishment. Defendant indicated he was satisfied with the services of his attorney. He showed an understanding of the range of punishment involved and admitted no promises had been made to him. Defendant also acknowledged he was waiving his constitutional rights to a jury trial, to call witnesses on his own behalf and to cross examine the state's witnesses, as well as the presumption of innocence.

The court specifically questioned defendant with respect to his "*Alford* plea."

The court: You are saying you are not guilty of manslaughter?

The defendant: Yes.

The court: But you would rather enter a plea of guilty to manslaughter and be subject to the punishment by the court rather than be found guilty by the jury of murder in the second degree?

The defendant: Yes.

No more could have been done to insure that defendant's plea of guilty was entered voluntarily and with full knowledge of the consequences. It was a valid guilty plea. See *Williams v. State*, 538 S.W.2d 759 (Mo. App.1976).

To avoid any miscarriage of justice we have examined the entire record and find that the facts supported defendant's guilty plea. During the plea hearing, the prosecutor recited the state's evidence: Defendant and several others were shooting craps; during the course of the game defendant refused to give the victim, Swims, a dollar to continue to play; when Swims tried to stop the game a fight broke out and defendant shot Swims. The court then asked defendant: "You heard that recitation of those facts. Are those facts true, sir, what Mr. White just said?" The defendant answered, "That is the way it started out. There was more than that to it, but Mr. White does not have everything that was did."

Before accepting a guilty plea it is not necessary to elicit from defendant a recital of the acts committed as long as he understands the facts recited by the prosecutor. *Matthews v. State*, 501 S.W.2d 44[1–5] (Mo.1973). And, a defendant will not be heard to complain the trial court was unaware of a factual basis for the plea where defendant has admitted the recounted facts are substantially correct. *Robinson v. State*, 482 S.W.2d 492[3] (Mo.1972). Defendant's reference to additional facts was not a denial of the inculpatory facts he did admit.

We hold defendant's guilty plea was voluntarily entered with an awareness of its consequences and the trial court did not err in denying post-conviction relief.

Judgment affirmed.

DOWD and SMITH, JJ., concur.