Mark LAW, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 19737.

Missouri Court of Appeals,
Southern District,
Division One.

March 2, 1995.

Rosalynn Koch, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Michelle A. Freund, Asst. Atty. Gen., Jefferson City, for respondent.

FLANIGAN, Judge.

Movant Mark Law appeals from a denial, after evidentiary hearing, of his Rule 24.035 [1] motion, seeking to vacate a judgment and sentence on a plea of guilty to sodomy, a Class B felony. The victim of the offense was movant's nine-year-old daughter.

On October 17, 1990, movant, after being advised by the court of the consequences of his plea, entered a plea of guilty. Pursuant to a plea agreement, the court suspended imposition of sentence and placed movant on probation for a period of three years. Special conditions of probation were, among others, that movant have no contact with the victim without some adult being present to supervise the visit, and that movant complete a specified sex offender program and "follow any directives" required as a part of that program. At the guilty plea hearing, movant was apprised of these special conditions.

, During the period of probation, movant's probation officer filed three violation reports. On February 10, 1993, movant's probation was revoked and he was sentenced to six years' imprisonment. In April 1993, movant filed a pro se motion which was later amended by counsel. The motion court issued findings of fact and conclusions of law and denied the motion.

Movant contends that he was entitled to relief on his motion, and the trial court erred in ruling otherwise, because movant was denied effective assistance of counsel in connection with the entry of his plea, "in that counsel failed to inform movant that the sex offender treatment program would include requirements inconsistent with the court's conditions of probation, and failed to adequately and properly inform movant of all of the conditions of the plea agreement." Movant asserts he would not have entered his plea of guilty if he had received effective assistance of counsel.

Appellate review of the trial court's ruling on the motion is limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous. Rule 24.035(j). The findings and conclusions of the trial court are deemed clearly erroneous only if, after review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *Day v. State,* 770 S.W.2d 692, 695–696 (Mo. banc 1989).

"In order to demonstrate an ineffectiveness claim, [movant] must show that his representation fell below an objective standard of reasonableness and that he was prejudiced by that performance." *Hagan v. State,* 836 S.W.2d 459, 463[14] (Mo. banc 1992). "In order to demonstrate prejudice, [movant] must show that but for the errors of counsel, he would not have pleaded guilty, and he would have insisted on a trial." *Id.* at 464.

Movant seeks to challenge the effectiveness of his counsel at that hearing by asserting that counsel failed to inform him that the sex offender treatment program would require conditions inconsistent with the court's conditions of probation. The transcript of the guilty plea hearing refutes movant's contention that he was not informed of all the conditions of the plea agreement.

The argument portion of movant's brief, without citation to any portion of the transcript of the post-conviction hearing, states: "Counsel failed to inform movant that conditions of the sex offender treatment program, which movant was required to complete as part of his probation, would conflict with the court's conditions of probation allowing supervised visitation with his daughter, and counsel failed to inform him of the ramifications of entering the sex offender program. Movant was prejudiced because had he known the extra conditions, he would not have pled guilty."

The foregoing argument, even if true, did not entitle movant to relief on his motion. Counsel has no duty to inform a defendant of all the collateral consequences of his guilty plea. *Schofield v. State,* 750 S.W.2d 463, 465[2] (Mo.App.1988); *Clark v. State,* 736 S.W.2d 483, 484[1] (Mo.App.1987). Further, movant's brief fails to state what conditions

1. All references to rules are to Missouri Rules of    Court, V.A.M.R.

of the sex offender treatment program conflicted with the conditions of the probation. A gratuitous review of the record shows no such conflict.

In its order denying movant's motion, the trial court stated:

"At the Rule [24.035] hearing, movant admitted that he was told he would have to follow all of the directives of the counseling program he was supposed to complete. This court finds that movant was fully informed of the plea bargain agreement. To require each specific and minute detail of movant's probation and counseling programs to be disclosed to movant before he entered his guilty plea is unreasonable and 'akin' to asking the trial judge, prosecutor, and defense attorney to predict the future."

The findings and conclusions of the trial court were to the effect that movant was not denied effective assistance of counsel in connection with the entry of his plea. These findings and conclusions are not clearly erroneous and, indeed, are fully supported by the record.

The judgment is affirmed.

SHRUM, C.J., and MONTGOMERY, J., concur.