Anthony S. DRONE, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 54843.

Missouri Court of Appeals,
Western District.

June 30, 1998.

898

Rebecca L. Kurz, Asst. Public Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Karen L. Kramer, Asst. Atty. Gen., Jefferson City, for respondent.

Before ELLIS, P.J., and LOWENSTEIN and RIEDERER, JJ.

RIEDERER, Judge.

Anthony S. Drone, appeals from the denial of his Rule 24.035 motion for postconviction relief without an evidentiary hearing. We affirm.

### Facts

Appellant was charged by indictment with first degree robbery, armed criminal action and unlawful use of a weapon. On March 11, 1996, prior to jury selection, Appellant entered a guilty plea to the first degree robbery and armed criminal action charge. In exchange, the state dismissed the unlawful use of a weapon charge and three other cases against Appellant.[1] Appellant admitted that on July 7, 1995, he used a .25 automatic pistol to forcibly steal currency from Nicholas Gemolas. Appellant was examined by the court at the guilty plea hearing. Appellant stated that he understood the consequences of his plea. He stated that he understood

---

1. The cases dismissed included charges of first degree robbery, armed criminal action, second degree drug trafficking, and possession of a controlled substance.

the minimum and maximum punishment for robbery in the first degree and for armed criminal action, and that the sentences could run either concurrently or consecutively. Appellant indicated he understood all of the constitutional rights he was relinquishing by pleading guilty. Appellant was also asked by the judge whether he had any complaints about his attorney. Appellant said he did not, except that he did not know he was going to trial until two days before trial and that he was told by his attorney he did not have a chance to win at trial. Appellant also stated that his mind was clear, he had not taken any alcohol, drugs, or medicines in the last 48 hours, and that he has never been treated for mental illness or disease.

The court accepted Appellant's guilty plea and ordered a presentence investigation. At the sentencing hearing on April 26, 1996, Appellant filed a pro se motion to withdraw his guilty plea. The court gave Appellant an opportunity to explain why he wanted to withdraw his guilty plea.

Q. Okay, now tell me why you feel we should allow you to withdraw your guilty plea, which was given under oath on March 11, 1996 ?

A. Because, Your Honor, at the time, I was not fully aware of what I was doing—it was a spur of the moment thing. I had just been informed that was the only thing that could possibly help me in this situation, as far as my attorney was, the way he was talking about the case. And, I never even knew I was going to trial until two days before trial—I was not prepared. I mean, I was just thinking that, at the time, that I had no chance, you know, that I was, that I was just feeling threatened by the Court, you know, and I wasn't in my right mind, I know I wasn't because as soon as I sat down, I just knew I had made a mistake. I didn't even want to do that.

The court denied Appellant's motion to withdraw his guilty plea. The court sentenced Appellant to concurrent terms of twenty years imprisonment on each of the offenses. On August 5, 1996, Appellant filed a pro se Rule 24.035 motion for postconviction relief. On June 23, 1997, appointed counsel filed an amended motion for postconviction relief. On July 29, 1997, the motion court issued findings of fact and conclusions of law denying Appellant's Rule 24.035 motion without an evidentiary hearing. This appeal ensued.

## Standard of Review

Our review of the denial of postconviction relief is limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous. *State v. Phillips,* 940 S.W.2d 512, 521 (Mo. banc 1997). The trial court's findings are clearly erroneous only if the reviewing court is left with a definite and firm conviction a mistake has been made. *State v. Smulls,* 935 S.W.2d 9, 15 (Mo. banc 1996). The burden is on the defendant to convince the reviewing court that the findings and conclusions of the motion court are clearly erroneous. *State v. Graham,* 906 S.W.2d 771, 787 (Mo.App.1995).

## Evidentiary Hearing

Appellant claims in his sole point on appeal that the trial court erred in denying his Rule 24.035 motion for postconviction relief without granting an evidentiary hearing because he had ineffective assistance of counsel and his decision to plead guilty was not voluntary, knowing, and intelligent.

Rule 24.035(h) states: "If the court shall determine the motion and the files and records of the case conclusively show that the movant is entitled to no relief, a hearing shall not be held. In such case, the court shall issue findings of fact and conclusions of law as provided in Rule 24.035(j)." *Coates v. State* provides that, "[a]n evidentiary hearing is not required unless the motion meets three requirements: '(1) the motion must allege facts, not conclusions, warranting relief; (2) the facts alleged must raise matters not refuted by the files and records in the case, and (3) the matters complained of must have

resulted in prejudice to the movant.'" 939 S.W.2d 912, 914 (Mo.App.1996) (*quoting, State v. Starks,* 856 S.W.2d 334, 336 (Mo. banc 1993).

### Ineffective Assistance of Counsel

■ "To obtain an evidentiary hearing on claims of ineffective assistance of counsel, defendant must allege facts, not refuted by the record, showing (1) that counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney, and (2) that he was thereby prejudiced." *Id.* (*citing, Hill v. Lockhart,* 474 U.S. 52, 60, 106 S.Ct. 366, 371, 88 L.Ed.2d 203 (1985); *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984)). In order to satisfy the "prejudice" requirement, a defendant challenging a guilty plea based on ineffective assistance must allege facts showing "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* (*quoting, Hill,* 106 S.Ct. at 370).

Appellant argues that the trial court erred in denying him an evidentiary hearing because he "pleaded factual allegations which are not refuted by the record and which would warrant relief if proven." Specifically, Appellant contends he was entitled to an evidentiary hearing on two claims of ineffective assistance of counsel: (1) that he was coerced into pleading guilty in that he was promised concurrent sentences of ten and three years imprisonment; and, (2) that he was not aware that he would be required to serve eighty-five percent of his sentence before being eligible for parole.

■ "Upon a plea of guilty, effectiveness of counsel is relevant only to the degree that it affects the voluntariness of the plea." *Dean v. State,* 950 S.W.2d 873, 878 (Mo.App. 1997) (*citing, Hill,* 106 S.Ct. at 369). A guilty plea must be a voluntary expression of the defendant's choice, and a knowing and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences. *State v. Roll,* 942 S.W.2d 370,

375 (Mo. banc 1997) (*citing, Brady v. United States,* 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970). If a defendant claims he pled guilty because he was misled, the court must determine whether that belief by which he claims to have been misled was reasonable. *Rick v. State,* 934 S.W.2d 601, 606 (Mo.App.1996).

### A. Coercion

First, Appellant claims his decision to plead guilty was not voluntary, knowing, and intelligent because he was coerced into pleading guilty in that he was promised concurrent sentences of ten and three years imprisonment. Appellant alleges his counsel told him that if he went through with the trial he would be convicted and sentenced to life imprisonment, but if he entered a guilty plea the court would sentence him to concurrent terms of ten and three years imprisonment. A reading of the transcripts convinces the court that trial counsel was attempting to make a best guess about what the trial judge would do. "The mere prediction of a sentence by counsel will not lead to a finding of legal coercion rendering a guilty plea involuntary." *Cain v. State,* 859 S.W.2d 715, 717 (Mo.App.1993). "Receiving a longer sentence than hoped for does not render a plea involuntary." *Id.* We find the following colloquy during the guilty plea proceedings to be pertinent:

Q. Now, you recognize that you're charged with two Class A felonies and a Class D felony in this case?

A. Yes.

Q. Okay and it's my understanding that it's your intention to plead guilty to the Class A felonies of Robbery First Degree and Armed Criminal Action and the State will dismiss the Class D felony of Unlawful Use of a Weapon. Is that your understanding?

A. Yes.

Q. Okay. And it's—do you understand the consequences of your plea? Do you understand the punishment, the

range of punishment that exists for these crimes?

A. Yes, I think it is from 10 years to life.

Q. Right. Well, for the Robbery First Degree, Class A felony, the punishment ranges from a minimum of 10 years to a maximum of 30 or life, agreed? Do you understand that?

A. Yes.

Q. And, do you understand the punishment for the Class A felony of Armed Criminal Action ranges from a minimum imprisonment of three years to life?

A. Yes.

Q. You understand that?

A. (Defendant nods head up and down.)

Q. Okay. And you understand that the sentence in these cases could run either concurrent or consecutive, you understand that?

A. Yes.

Q. Okay. Now knowing that, is it—you feel it's still in your best interest to plead guilty to these crimes?

A. Yes.

Although the motion court did not specifically ask Appellant if his guilty plea had been coerced, Appellant stated that he understood the charges and that he thought it was in his best interest to plead guilty. Further, the motion court explained to Appellant the possible minimum and maximum sentences for the charges.

■ We note that Appellant made several different and conflicting claims regarding his own behavior, after it was pointed out to him by the sentencing court that he had previously answered questions under oath indicating his understanding of the charges, of the range of punishment, and his own desire to plead guilty. Two pages of the plea transcript are devoted to the trial judge questioning Appellant about whether he had any complaints about his lawyer. Four different times the judge gave the Appellant an opportunity to register a complaint, and Appellant declined to do so each time. Later, at the sentencing hearing, Appellant claimed that he had been told by his attorney, "... you would ask me some questions, just go along with what you're saying, and, you know, we would be all right." Appellant implies his attorney was telling him that the examination under oath by the plea court was just a sham and that Appellant should "just go along" and the court will do something other than what it said it would do. If, indeed, Appellant believed this, it was wholly unreasonable. *Rick v. State*, 934 S.W.2d at 606. Next, Appellant testified at the sentencing hearing, "I was told there was a good chance that I would get a certain amount of time if I would do this." This is simply a case of "receiving a longer sentence than hoped for." *Cain*, 859 S.W.2d at 717. Further, Appellant admitted that he had not lied when he testified at his guilty plea hearing and that his plea was based on his legal counsel's representation of what he believed about the evidence in the case. Finally, the record shows that Appellant had pleaded guilty on three previous occasions, making it unlikely that he misunderstood anything.

Appellant's claim that his guilty plea was coerced is refuted by the record. Appellant has not alleged any fact, not refuted by the record, showing that counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney. *Strickland*, 104 S.Ct. at 2064.

### B. Failure to Advise Regarding § 558.019 [2]

Second, Appellant contends that his guilty plea was not knowing, voluntary, or intelligent because neither the court nor counsel informed him that he would be required to serve eighty-five percent of the sentence imposed. Since first degree robbery is a dangerous felony, § 556.061(8), Appellant is re-

2. All statutory references are to RSMo 1994, unless otherwise noted.

quired to serve 85% of his sentence pursuant to § 558.019.3.

Rule 24.02(b) sets out the "direct" results of a guilty plea of which a defendant must be aware before rendering a valid plea. *State v. Hasnan,* 806 S.W.2d 54, 56 (Mo.App. 1991). However, nothing in Rule 24.02 requires furnishing a defendant with information concerning parole. *State v. Rice,* 887 S.W.2d 425, 427 (Mo.App.1994). Parole is a collateral consequence of a guilty plea. *Spradling v. State,* 865 S.W.2d 806, 811 (Mo. App.1993). Counsel does not have a duty to inform a defendant of all the collateral consequences of his guilty plea. *Law v. State,* 893 S.W.2d 884, 885 (Mo.App.1995). Even if counsel incorrectly advised movant on his parole eligibility, such advice does not automatically undermine the voluntariness of the guilty plea. *Torrence v. State,* 861 S.W.2d 149, 150 (Mo.App.1993). Further, failure of the trial court to advise Appellant of factors affecting parole eligibility will not render the guilty plea unintelligent or involuntary. *Rice,* 887 S.W.2d at 427. Appellant's contention that his guilty plea was not knowing, voluntary, or intelligent because neither the court nor counsel informed him that he would be required to serve eighty-five percent of his sentence before he is eligible for parole is without merit. Appellant was advised by the court of all of the direct consequences of his guilty plea pursuant to Rule 24.02(b), and the motion court determined that Appellant understood the charges against him and the consequences of his guilty plea.

"Although this court is unwilling to say that the plea court must inform the defendant of the implications of the 85% rule in § 558.019, it seems that the better practice, given Rule 24.02(b)1, would be for the plea court to inform the defendant of, or at least determine that the defendant understands, the consequences of his plea of guilty to a "dangerous felony" under § 556.061. At the very least, this would quell appeals, such as this one." *Turner v. State,* 969 S.W.2d 300, 302 (Mo.App.1998).

Appellant has not alleged any fact, not refuted by the record, showing that counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney. *Strickland,* 104 S.Ct. at 2064. Thus, review of this record does not leave this court with a definite and firm conviction a mistake has been made. Therefore, the findings and conclusion of the motion court are not clearly erroneous. The judgment of the trial court is affirmed.

All concur.