Johnny Lee JOHNSON, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 56475.

Missouri Court of Appeals,
Western District.

Submitted June 28, 1999.

Decided Oct. 12, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 23, 1999.

Application to Transfer Denied
Dec. 21, 1999.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stephen M. Patton, Asst. Public Defender, Kansas City, for appellant.

John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

Before HOWARD, P.J., ULRICH and SMART, JJ.

PER CURIAM:

Johnny Lee Johnson was charged with one count of robbery in the first degree, § 569.020, RSMo 1994,[1] and one count of armed criminal action, § 571.015.1. Pursuant to a plea agreement, Johnson entered a guilty plea to the charge of robbery in the first degree, and was sentenced to ten years imprisonment. His post-conviction motion filed under Rule 24.035 was denied. He appeals the denial of his motion for post-conviction relief because he claims that counsel was ineffective for failing to inform him that he would be required to serve eighty-five percent of his sentence before he would be eligible for parole. Affirmed.

## Factual Background

On November 24, 1997, Johnny Lee Johnson pleaded guilty to the charge of robbery in the first degree, § 569.020. In exchange for his plea, the state dropped a charge of armed criminal action, as well as pending charges for one count of robbery in the first degree, one count of assault in the first degree and two counts of armed criminal action. The state also made a sentencing recommendation of ten years imprisonment.

At the plea hearing, Johnson admitted that on September 12, 1996, he approached a little boy on a bicycle, showed him a gun, and took the boy's ring and a soda. The plea court informed Johnson of his constitutional right to a jury trial, the right to be found guilty beyond a reasonable doubt, the right to confront and examine his accusers, the right to appeal, and the possible range of punishment for the robbery charge. Plea counsel asked Johnson whether he understood that he would "receive and serve a 10–year sentence[.]" Johnson replied affirmatively. Johnson assured the court that he was pleading guilty because he was, in fact, guilty and that no one had coerced him to plead. When questioned about the quality of his legal representation, Johnson also expressed satisfaction with his attorney.

The court accepted Johnson's plea, finding that Johnson understood the charge against him and the consequences of his plea, and that his decision to plead guilty was made freely, voluntarily and intelligently. The court sentenced Johnson in accordance with the state's recommendation to ten years imprisonment.

Johnson filed a timely *pro se* motion for post-conviction relief pursuant to Rule 24.035. Counsel was appointed and an amended motion was filed alleging that counsel was ineffective for failing to inform him that he would be required to serve

---

1. All statutory references are to Revised Statutes of Missouri, 1994, unless otherwise indicated.

eighty-five percent of his sentence before he would be eligible for parole.

On August 20, 1998, an evidentiary hearing was held on the motion. At that hearing, plea counsel testified that she did not remember whether or not she informed Johnson that he would have to serve eighty-five percent of his sentence before parole eligibility. Counsel stated that she usually made notes in her trial file about the sentence, but that when she reviewed her notes she was surprised to find that no notes had been made about the eighty-five percent rule. Johnson also testified at the hearing. He claimed that he would not have pleaded guilty had he known of the eighty-five percent rule.

The motion court denied Johnson's motion, finding that "counsel did fail to inform movant" but concluded that "such failure does not provide a basis for post conviction relief." Johnson appeals.

## Standard of Review—Ineffective Assistance of Counsel

Our review of Johnson's post-conviction claim is restricted to determining whether the findings and conclusions of the motion court are clearly erroneous. Rule 24.035(k); *State v. Nunley*, 980 S.W.2d 290, 291 (Mo. banc 1998). We regard the motion court's findings and conclusions as clearly erroneous only if, after reviewing the entire record, we are left with the definite and firm impression that a mistake has been made. *State v. Johnson*, 968 S.W.2d 686, 695 (Mo. banc 1998).

2. Section 558.019.3, RSMo Supp.1998, provides that:

> Other provisions of the law to the contrary notwithstanding, any defendant who has pleaded guilty to or has been found guilty of a dangerous felony as defined in section 556.061, RSMo, and is committed to the department of corrections shall be required to serve a minimum prison term of eighty-five percent of the sentence imposed by the court or until the defendant attains seventy years of age, and has served at least forty percent of the sentence imposed, whichever occurs first.

■■ Johnson must satisfy a two-prong test in order to establish ineffective assistance of counsel, showing: (1) that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under similar circumstances; and (2) that defendant was therefore prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Sams v. State*, 980 S.W.2d 294, 296 (Mo. banc 1998). Should a movant fail to satisfy either the performance prong or the prejudice prong of the test, the other prong need not be considered. *State v. Simmons*, 955 S.W.2d 729, 746 (Mo. banc 1997). Prejudice is established where it is shown by a reasonable probability that, but for counsel's errors, the outcome of the proceeding would have been different. *State v. Kenley*, 952 S.W.2d 250, 266 (Mo. banc 1997).

## Collateral Consequences of a Guilty Plea

■ In his sole point on appeal, Johnson contends that his guilty plea was not knowing, voluntary, or intelligent because counsel did not inform him that he would be required to serve eighty-five percent of the sentence imposed.[2] Johnson claims that had he known of the mandatory requirement, he would not have pled guilty. Johnson acknowledges that Missouri courts have consistently refused to find counsel ineffective for failing to inform a client of all collateral consequences[3] of a guilty plea, including information concerning parole. *Rollins v. State*, 974 S.W.2d 593 (Mo.App.1998); *Drone v. State*, 973

Dangerous felonies, as defined by § 556.061, "means the felonies of arson in the first degree, assault in the first degree, forcible rape, forcible sodomy, kidnapping, murder in the second degree and robbery in the first degree[.]"

3. A "collateral consequence" is a consequence that does not "definitely, immediately, and largely automatically" follow a guilty plea. *Sadler v. State*, 965 S.W.2d 389, 391 (Mo.App.1998).

S.W.2d 897 (Mo.App.1998); *White v. State*, 957 S.W.2d 805, 808 (Mo.App.1997); *State v. Rice*, 887 S.W.2d 425, 427, (Mo.App. 1994); *Spradling v. State*, 865 S.W.2d 806, 811 (Mo.App.1993); *Torrence v. State*, 861 S.W.2d 149, 150 (Mo.App.1993). Johnson contends, however, that a defendant must be informed of the direct consequences of his guilty plea [4] and that serving eighty-five percent of a sentence is a direct consequence of his guilty plea.

A similar contention was considered and rejected in *Reynolds v. State*, 994 S.W.2d 944, 946 (Mo. banc 1999), where the Missouri Supreme Court stated:

> The validity of a plea of guilty depends on whether it was made voluntarily and intelligently, *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), which means, *inter alia*, that the defendant must enter the plea with knowledge of the direct consequences of the plea. *Id.* at 755, 90 S.Ct. 1463. In contrast, eligibility for parole *is considered to be a collateral* consequence of the plea; thus, information about eligibility for parole is not among those direct consequences about which a defendant must be informed in order for the plea to be entered voluntarily and intelligently. *Huth v. State*, 976 S.W.2d 514, 517 (Mo.App.1998); *Price v. State*, 974 S.W.2d 596, 599 (Mo. App.1998). Consequently, neither counsel nor the trial court is under an affir-

mative obligation to inform a defendant of the parole consequences of a guilty plea. *Price*, 974 S.W.2d at 599; *Rollins v. State*, 974 S.W.2d 593, 595 (Mo.App. 1998). This conclusion is consistent with the United States Supreme Court's pronouncement in *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), that

> [w]e have never held that the United States Constitution requires the State to furnish a defendant with information about parole eligibility in order for the defendant's plea of guilty to be voluntary....

Johnson urges us to consider the eighty-five percent requirement as a minimum prison term. He argues that a minimum prison term is a definite, immediate and automatic consequence of a guilty plea. A similar argument was also considered by the *Reynolds* court, which held that information about the range of punishment was all that Rule 24.02(b)(1) required. *Reynolds*, slip op. at 5. *See also Rollins*, 974 S.W.2d at 596; *White*, 957 S.W.2d at 808.

In the present case, Johnson was informed of the range of punishment for the robbery charge. The court informed him that robbery was "an A felony" for which he was "facing a minimum of 10 up to 30 or life imprisonment." Johnson replied that he understood. Plea counsel asked Johnson whether he realized that he would "receive and serve a 10–year sentence[.]"

---

**4.** Rule 24.02(b) sets out the direct results of a guilty plea of which a defendant must be cognizant before rendering a valid plea. *Drone v. State*, 973 S.W.2d 897, 902 (Mo.App. 1998); *State v. Hasnan*, 806 S.W.2d 54, 56 (Mo.App.1991). It provides:

> (b) Advice to Defendant. Except as provided by Rule 31.03, before accepting a plea of guilty, the court must address the defendant personally in open court, and inform him of, and determine that he understands, the following:
> 1. The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law; and

> 2. If the defendant is not represented by an attorney, that he has the right to be represented by an attorney at every stage of the proceedings against him and, if necessary, one will be appointed to represent him; and
> 3. That he has the right to plead not guilty or to persist in that plea if it has already been made, and that he has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself; and
> 4. That if he pleads guilty there will not be a further trial of any kind, so that by pleading guilty he waives the right to a trial.

Johnson replied, "Yes." Thus, the motion court did not err in holding that counsel's failure to inform Johnson that he would have to complete eighty-five percent of his sentence before eligibility for parole provided no basis for relief.

The judgment of the motion court denying Johnson's Rule 24.035 motion is affirmed.