Rodney ALLEN, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 89068.

Missouri Court of Appeals, Eastern District, Division One.

Sept. 25, 2007.

Kristina Starke (Public Defender), St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Dora A. Fichter, Jefferson City, MO, for respondent.

KENNETH M. ROMINES, Judge.

### Introduction

Rodney Allen (Allen) appeals from the judgment of the Circuit Court of St. Louis County, the Honorable John A. Ross presiding, after the court denied Allen's post-conviction motion without an evidentiary hearing, finding that Allen's claims were refuted by the record. We affirm.

### Standard of Review

Appellate review of the denial of a motion for post-conviction relief is limited to a determination of whether the findings and conclusion of the trial court are clearly erroneous. *Drone v. State,* 973 S.W.2d 897, 899 (Mo.App. W.D.1998). The burden is on the defendant to convince this Court that the findings and conclusions of the motion court are clearly erroneous. *Id.* Findings of fact and conclusions of law are clearly erroneous if the appellate court, upon review of the record, is left with the definite and firm impression that a mistake has been made. *Id.*

### Factual and Procedural Background

Rodney Allen was charged with two counts of burglary in the first degree, two counts of murder in the first degree, six counts of armed criminal action, two counts of robbery in the first degree, one count of kidnapping, and two counts of assault in the first degree, for events oc-curring on 17 July 2004. On 17 November 2004, Mr. Paul A. Yarns entered his appearance for Allen. On 29 April 2005, Ms. Rebecca Barbre entered her appearance for Allen. On 18 January 2006, Allen, against the advice of counsel, appeared before Judge Ross and entered a plea of guilty to two counts of murder in the first degree, three counts of armed criminal action, and one count of assault in the first degree. As a part of the plea agreement, the state dismissed the rest of the charges. The court sentenced Allen to life without parole on the murder in the first degree counts and to life imprisonment on all other counts, all counts to be served concurrently.

On 28 February 2006, Allen filed his timely *Pro Se* Motion for post-conviction relief pursuant to Rule 24.035. On 21 March 2006, the court appointed the Public Defenders Office as motion counsel for Allen. On 19 June 2006, Allen filed his Amended Motion for post-conviction relief pursuant to Rule 24.035, citing two grounds for relief.

Claims 8(A) and 9(A) of the amended motion allege that trial counsel was ineffective for failing to advise Allen that the sentence of life without probation or parole meant he would "die in prison." Claims 8(B) and 9(B) of the amended motion assert that Allen's trial counsel was ineffective for failure to explain Allen's mental illness to the court and for what purpose the medications had been prescribed which Allen ingested prior to the plea. Allen further alleged that had the court been so informed the court would have determined that Allen lacked the ability to understand the proceedings and Allen would not have entered an unknowing, involuntary and unintelligent guilty plea. The court denied Allen's post-conviction motion without an evidentiary hearing, finding that Allen's claims were refuted by the record. Allen

brings the same two points on appeal that he did in his motion for post-conviction relief, specifically 1) the court erred in denying Allen's post-conviction motion of ineffective counsel because plea counsel failed to explain to Allen that a sentence of life without probation or parole would mean Allen would "die in prison"—Allen reasonably believed that a sentence of life meant 30 years. Next, Allen argues 2) the court erred in denying Allen's post-conviction motion of ineffective counsel because counsel failed to explain the nature of the medications Allen was taking to the plea court. Allen argues that this prevented the plea court from making a proper determination of whether Allen's guilty plea was entered into knowingly, understandingly, and voluntarily.

### Discussion

In a proceeding brought under Rule 24.035, a Movant is entitled to an evidentiary hearing only if his petition: "(1) alleges facts, not conclusions, which, if true, would warrant relief, (2) these facts must raise matters not refuted by the record and files in the case, and (3) the matters complained of must have resulted in prejudice to the movant." *Jones v. State*, 829 S.W.2d 47, 48 (Mo.App.1992).

■ To obtain an evidentiary hearing for claims related to the ineffective assistance of counsel, the Movant must allege facts, not refuted by the record, showing that counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney and that the Movant was thereby prejudiced. *State v. Brooks*, 960 S.W.2d 479, 497 (Mo. banc 1997). Further, in order to prevail on a claim of ineffective assistance of counsel, Movant must demonstrate that: (a) his trial counsel failed to exercise the customary skill and diligence a reasonably competent attorney would have under sim-

ilar circumstances; and (b) Movant was thereby prejudiced. *State v. Holcomb*, 956 S.W.2d 286, 295 (Mo.App.1997). Additionally, trial counsel is deemed vested with broad discretion in conducting his client's defense, and presumed competent. *Schneider v. State*, 787 S.W.2d 718, 720–1[3] (Mo. banc 1990) *cert. denied*, 498 U.S. 882, 111 S.Ct. 231, 112 L.Ed.2d 186 (1990); *State v. Roberts*, 948 S.W.2d 577, 604 (Mo. banc 1997) *cert denied*, 522 U.S. 1056, 118 S.Ct. 711, 139 L.Ed.2d 652.

■ In the case of a guilty plea, the Movant must prove that the alleged ineffective assistance of counsel rendered his guilty plea involuntary. *Greathouse v. State*, 859 S.W.2d 247, 248 (Mo.App.1993). In order to "satisfy the 'prejudice' requirement, a prisoner who has pled guilty must demonstrate there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial." *Jenkins v. State*, 9 S.W.3d 705, 707 (Mo.App.1999). If Movant claims he or she plead guilty due to a mistaken belief about his or her sentence, the court must determine whether a reasonable basis existed for such a belief. *Rick v. State*, 934 S.W.2d 601, 605 (Mo. App.1996).

■ Allen's first claim is that he did not understand that a sentence of life meant that he would "die in prison." Allen argues that because plea counsel failed to explain to Allen that pleading guilty to charges of murder in the first degree meant he would die in prison, plea counsel was ineffective. Allen claims that his reliance on the language of RSMo. Section 558.019.4, along with his reliance on representations made by other inmates and plea counsel justify his reasonable belief that a life sentence would be treated as thirty years in prison. RSMo. Section 558.019.4 states, "[f]or the purpose of determining the minimum prison term to be served ...

[a] sentence of life shall be calculated to be thirty years." According to *Miller v. State*, mistaken beliefs about sentencing may affect a defendant's ability to knowingly enter a guilty plea, if: 1) the mistake is reasonable, and 2) the mistake is based upon a positive representation upon which Movant is entitled to rely. *Miller v. State*, 869 S.W.2d 278, 279 (Mo.App. E.D.1994). Further, if an attorney misadvises the defendant of the direct or collateral consequences of pleading guilty, the court may find that the defendant received ineffective assistance of counsel. But, and most importantly, a defendant's guilty plea is voluntary even though his attorney gave him erroneous advice if the court's questioning of the defendant at the plea proceeding *"thoroughly disabused him of any preconceived notions regarding the consequences of a guilty plea."*[1] *Bounds v. State*, 556 S.W.2d 497, 498 (Mo.App.St.L.D.1997). Based on our understanding of *Bounds* we disagree with Allen.

It is clear from the record cited by both Allen and the State in their briefs that the court's questioning of Allen at the plea proceeding and at the sentencing hearing "thoroughly disabused him of any preconceived notions" regarding the consequences of Allen pleading guilty. The trial court carefully and clearly apprised Allen as to the results of his plea:

> THE COURT: And again, I want you to be clear on this. If the case proceeded to trial, I would anticipate that the jury, at a minimum, would be instructed on Murder in the 2nd Degree, which is a lesser degree of murder, which carries a term of imprisonment up to life, but doesn't provide for life without parole. Do you understand that the jury would have that possibility to consider?
>
> ALLEN: Yes, sir.

> THE COURT: Do you understand that by pleading guilty, again, you're giving up that right. There won't be a trial. The jury won't have that option. You won't have the right to an appeal. And you understand all of that?
>
> ALLEN: Yes, sir.

> THE COURT: Has anyone promised you that your sentence would be anything other than life without parole?
>
> ALLEN: No, sir.

> THE COURT: And again. *Do you understand that that sentence means what it says. It's life without probation or parole?*[2]
>
> ALLEN: Yes, sir.

At the sentencing hearing held immediately after the guilty plea hearing, the court asked Allen the following:

> THE COURT: And have there been any representations of any kind made to you that you would get anything other than life without parole?
>
> ALLEN: No, sir.

> THE COURT: Has anyone ever told you that life without parole doesn't mean life without parole?
>
> ALLEN: No, sir.

> THE COURT: And you understand what I'm saying? Has anybody ever told you that you'll get out of prison?
>
> ALLEN: No, sir.

> THE COURT: And you understand that you're going to serve the rest of your life in prison, is that correct?
>
> ALLEN: Yes, sir.

Based on this record, Allen's plea of guilty was voluntary. As a result, there was no ineffective assistance of counsel. Thus, the court's decision to dismiss Allen's post-conviction motion without an evi-

---

1. Emphasis added.

2. Emphasis added.

dentiary hearing was not clearly errone-
ous.

■ Allen's second claim is that be-
cause plea counsel failed to explain the
nature of the medications Allen was taking
to the plea court, there was ineffective
assistance of counsel. Under RSMo. sec-
tion 552.020.1, "[n]o person who as a result
of mental disease or defect lacks capacity
to understand the proceedings against him
or to assist in his own defense shall be
tried, convicted or sentenced for the com-
mission of an offense so long as the inca-
pacity endures." "It is well established
that an incompetent defendant may not
make a valid guilty plea." *United States
v. Premachandra*, 32 F.3d 346, 347 (8th
Cir.1994).

Allen argues that he was prejudiced be-
cause plea counsel failed to inform the
judge of the true nature of Allen's mental
illness and drug ingestion—specifically
that Allen had been diagnosed with bipolar
disorder and had been prescribed Seroqu-
el, Trazodone, and Depakote, which treat
schizophrenia, depression and manic epi-
sodes respectively. Allen claims ineffec-
tive assistance of counsel, arguing that a
reasonably competent attorney in the same
or similar circumstances would have found
out what medications his or her client was
taking to treat mental illness. Further a
reasonably competent attorney would have
informed the court regarding the true na-
ture of the prescribed medications, in or-
der that the court have accurate informa-
tion before it in determining whether the
defendant was capable of entering a volun-
tary, knowing, and intelligent plea of
guilty. Allen argues that had the court
been made aware of the true nature of
Allen's medications, the court would have
determined that Allen may have lacked the
ability to understand the proceedings and
his plea of guilty would not have been
knowing, voluntary, or intelligent. We dis-
agree with Allen.

■ According to *Wilson v. State*, a
defendant is competent to plead guilty if
he had the sufficient present ability to
consult with his lawyer with a reasonable
degree of rational understanding and had
a rational factual understanding of the pro-
ceedings against him. *Wilson v. State*, 813
S.W.2d 833, 835 (Mo. banc 1991). The
mere fact that Allen was medicated at the
plea hearing is, alone, not enough to ren-
der Allen incompetent. *Jones v. State*, 471
S.W.2d 223, 228 (Mo.1971). Addiction to
narcotics or ingestion of drugs does not in
and of itself render one incompetent to
plead guilty. *Gillespie v. State*, 655
S.W.2d 830, 831 (Mo.App. E.D.1983). The
following colloquy between the court and
Allen illustrates Allen's mental compe-
tence:

**THE COURT:** Are you under the influ-
ence of any drugs or alcohol?

**ALLEN:** No, sir.

**THE COURT:** Are you taking any med-
ications of any kind?

**ALLEN:** Yes, sir.

**THE COURT:** What kind of medication
do you take?

**ALLEN:** Seroqel, and Trapazone, and
that's it.

**THE COURT:** What are those for?

**ALLEN:** Sleeping.

**THE COURT:** Okay. And you've seen
someone over at the Justice Services
Department, is that correct, and they
prescribe that for you?

**ALLEN:** Yes, sir.

**THE COURT:** How long have you been
taking these drugs?

**ALLEN:** Nineteen months.

**THE COURT:** Do they interfere with
your ability to know what you're doing?

**ALLEN:** No, sir.

THE COURT: As you stand here right now is your mind clear?

ALLEN: Yes, sir.

THE COURT: All those drugs do is help you sleep is that correct?

ALLEN: Yes, sir.

THE COURT: And again, you've been taking them for some time, so you know how they affect you?

ALLEN: Yes, sir.

THE COURT: Again, I want to make sure that your mind is completely clear and you know everything that's happening today. And you're telling me that your mind is clear, is that correct?

ALLEN: Yes, sir.

To be entitled to an evidentiary hearing, Allen must allege: "(1) facts, not conclusions, which, if true, would warrant relief, (2) these facts must raise matters not refuted by the record and files in the case, and (3) the matters complained of must have resulted in prejudice to the movant." *Jones v. State*, 829 S.W.2d 47, 48 (Mo.App. 1992).

 Here Allen alleges that the medications he was taking may have impaired his thinking, and had his counsel made the court aware of the true nature of the medications, the court would have determined that Allen may have lacked the ability to understand the proceedings and his plea of guilty would not have been found to be knowing, voluntary, or intelligent. These speculations by Allen are insufficient to meet his burden of stating facts warranting relief. Further, there is no evidence that Allen was confused or lacked understanding of the proceedings. An examination of the record shows Allen's answers to be coherent. Therefore, Allen cannot show that his counsel was ineffective for failing to correct Allen about the effects of his medications he was taking. Thus, any allegations made by Allen that his medi-

cations impaired his thinking are refuted by the record.

Review of the entire record reveals the decision by the trial court to deny Allen's motion for post-conviction relief without an evidentiary hearing is supported by the facts. Further, we find that Allen has failed to establish that the trial court's findings of fact and conclusions of law are clearly erroneous. We are left with a definite and firm impression that the guilty plea was thorough and error free. We therefore affirm.

AFFIRM.

KATHIANNE KNAUP CRANE, P.J., and ROBERT G. DOWD, JR., J., concur.